[No. 4070.]

## THOMAS L. BARNES *v.* D. R. JONES ET AL.

TRESPASS BY CUTTING DOWN TREES.—If the plaintiff, in a complaint for cutting down trees on his land, does not aver that the defendant cut them down knowingly, willfully, or maliciously, he cannot recover the treble damages given in the two hundred and fifty-first section of the old Practice Act.

IDEM.—If the complaint contains such averment, and it is found that the timber was cut down through a mistake as to where the boundary line was, the plaintiff cannot recover treble damages.

IDEM.—Without such averment, the plaintiff may recover simple damages.

TITLE OF AN ACT.—While the title of an act will not control the language of a statute in the body, it may be referred to as tending to explain the intention of the act when the language is doubtful.

IDEM.—The head-notes to the chapters and titles in the Practice Act are entitled to more consideration in explaining the intention of the different sections, where the language is doubtful, than the title of the entire act.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

The facts are stated in the opinion.

*James Hanna, and Chamberlain & De Haven, and Cope, and Wilson & Wilson,* for the Appellants.

*Buck & Stafford,* for the Respondent.

By the Court, CROCKETT, J.:

The action is to recover treble damages for a trespass committed on the plaintiff's land, by cutting down a large number of trees growing thereon; and is founded on section two hundred and fifty-one of the former Practice Act, which provides, in substance, that if any person shall cut down, girdle or injure any tree or timber on the land of another, or on the street or highway in front of another's house, village or city lot, or on the commons or public grounds of any city or town, or on the street in front thereof, "without lawful authority," he shall be liable for treble the amount of damages which may be assessed therefor, in a civil action.

The complaint avers that the plaintiff owned the land, and that the defendants, "without leave of the plaintiff, wrongfully" entered and cut down and carried off the timber, whereby the plaintiff was damaged in a specified sum, " contrary to the form, force and effect of section two hundred and fifty-one" of the Practice Act, giving its title and date. There is no averment that the trespass was committed knowingly, willfully or maliciously. The answer denies that the plaintiff owned any of the land described in the complaint, except a certain specified portion thereof, and that any of the timber was cut on this portion. The court finds that the defendants cut and carried away from the plaintiff's land described in the complaint timber of the value of one thousand two hundred dollars; but that they entered " under a mistake as to the identity of the land, believing it to be a portion of another tract which they claimed by purchase."

The court trebled the damages, and entered a judgment for the plaintiff for three thousand six hundred dollars; from which, and from the order denying their motion for a new trial, the defendants appeal.

The ground chiefly relied upon for a reversal of the judgment is that the court erred in trebling the damages; and we are of opinion that the judgment is erroneous in this particular. While the statute does not so state in terms, it is clear, we think, that it was not intended to apply to cases in which the trespass was committed through an innocent mistake as to the boundary or location of a tract of land claimed by the defendant. Similar statutes of other States have received this construction, and we are satisfied it is correct. (*Batchelder* v. *Kelley*, 10 N. H. 436; *Russell* v. *Irby*, 13 Ala. 131; *Perkins* v. *Hackelman*, 26 Miss. 41; *Whitecraft* v. *Vanderver*, 12 Ill. 235.) In the case first cited, the Supreme Court of New Hampshire said: " The general tenor of the statute is such as wholly to preclude the idea that it was designed to apply to unintentional trespasses;" and in *Russell* v. *Irby*, the Supreme Court of Alabama said: " We think it entirely clear that the cutting of trees upon another's land, under the impression that the party had not gone beyond his own boundaries, was not within the contemplation of the Legislature. Moral justice would forbid any extraordinary infliction in such a case, and the damages recoverable at common law would afford an adequate reparation."

In *Whitecraft* v. *Venderver*, Mr. Justice Trumbull, speaking for the court, said: " It would never have been the intention of the Legislature to impose a penalty upon a person, who, supposing in good faith that he was cutting upon his own land, after having taken reasonable pains to ascertain its boundaries, should, inadvertently and by mistake, cut trees upon the land of another. For an injury committed under such circumstances the party is left to his common-law remedy by action of trespass." Similar views are expressed in the case from Mississippi. We are strengthened in the conviction that this is the correct interpretation of our statute, by reference to the head-note of the chapter in which this section is found.

The Practice Act is divided into titles, chapters and sec-
tions; and at the head of each chapter in the several titles
is a note indicating generally the subjects to which the
chapter is devoted. The section under review is found in
chapter two of Title XXIV of the Practice Act as amended;
and the head-note to this chapter is in these words: "Actions
for nuisance, waste and willful trespass, in certain cases, on
real property." While the rule is well settled that the title
of an act will not control the language in the body of the
statute, but may be referred to as tending to explain the in-
tention, when the language is doubtful, we are of opinion
that these head-notes, indicating the particular subjects
treated of in the several chapters, are entitled to more con-
sideration than the title to the entire act. The revised
statutes of New York (passed as one act) were also divided
into titles, articles, chapters and sections, with similar head-
notes to the chapters; and in discussing the effect to be
given to these head-notes the Supreme Court of that State
say: " The inscription to chapter five is not in any sense a
title to a statute. It forms a part of the body of the act
quite as much as the section cited, and it was inserted for
the purpose of controlling and limiting the scope and appli-
cation of the general words used in the chapter." (*People*
v. *Molineux*, 53 Barb. 15.) On appeal to the Court of Ap-
peals, this ruling was approved and affirmed (40 N. Y. 113).
If the head-note of the chapter is to be consulted in the in-
terpretation of section two hundred and fifty-one, it becomes
apparent that it was intended to apply to *willful* trespasses
only.

The plaintiff, however, contends that the finding, to the
effect that the defendants committed the trespass uninten-
tionally, and through mistake, is outside of any issue raised
by the pleadings, and should be disregarded. But, upon
our construction of the statute, the complaint fails to state
a case entitling the plaintiff to treble damages. It contains
no averment that the trespass was willful, but only that the
entry and cutting of the timber was wrongful, and without
the plaintiff's leave. The statute has no application to such
a case; and though good as an action at common law, en-

titling the plaintiff to recover his actual damage, the complaint does not state a case in which the damages can be trebled.

The judgment is, therefore, hereby modified by reducing the amount thereof to twelve hundred dollars, and as so modified is affirmed.

Mr. Justice McKINSTRY did not express an opinion.