[Civ. No. 4557. First Appellate District, Division Two.—July 19, 1923.]

ELIZABETH M. BUTLER, Respondent, v. LOUIS F. ZEISS et al., Appellants.

[1] BOUNDARIES—TITLE TO STREET—APPEAL—PRESUMPTION—EVIDENCE. Upon an appeal from a judgment in favor of the plaintiff in an action to recover damages for the destruction of trees growing in the street immediately in front of plaintiff's property, it will be presumed, in the absence of anything in the record to the contrary, that plaintiff's title extended to the center of the street.

[2] TREES—GROWTH IN STREET—DESTRUCTION—RIGHT OF OWNER TO MAINTAIN ACTION.—Where the person who owns land bounded by a public street owns to the center of such street he has a property right sufficient to permit him to maintain an action against any person, except the highway officials, who might wrongfully injure or destroy the trees growing in the street in front of his land.

[3] ID.—WILLFUL AND MALICIOUS DESTRUCTION—PLEADING—EVIDENCE
—TREBLE DAMAGES.—Plaintiff having filed her action under the
provisions of section 733 of the Code of Civil Procedure and
alleged that defendants willfully and maliciously cut and de-
stroyed the trees growing in the street in front of her property,
and the trial court having found, from sufficient evidence, that
such allegation was true, it had the power to award plaintiff
treble damages.

APPEAL from a judgment of the Superior Court of
Marin County. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Martinelli and Jordan L. Martinelli for Appellants.

John W. Woten for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to
recover damages; she was awarded a judgment in the trial
court, and the defendants have appealed. The facts are
briefly stated in the findings as follows:

"1. That on the 23d day of April, 1913, plaintiff became,
and ever since has been, and now is, the owner in fee of, and
as such owner was during all of said time, and now is, in pos-
session of, that certain real property, together with the appur-
tenances thereunto belonging, located in the town of Inverness,
county of Marin, State of California, described as follows:

"Lot number fifteen (15) in block sixteen (16) according
to the plat of the survey of the same now on file in the office
of the county recorder of said Marin County and duly re-
corded in Liber 1 of Maps at page 80 thereof.

"2. That at all the times mentioned in the complaint
herein and until on or about the 1st day of November, 1919,
there were growing and standing in place on Aberdeen Way,
the street or highway in front of plaintiff's real property
hereinabove described, seven trees; and that at all said times
there was and now is standing upon plaintiff's said real
property a house which said house fronts upon said Aberdeen

3. Measure of damages for injury to or destruction of trees or
shrubbery not valuable for their timber or wood, notes, 1 Ann. Cas.
786; 15 Ann. Cas. 916; 11 L. R. A. (N. S.) 930; 28 L. R. A. (N. S.)
757; 37 L. R. A. (N. S.) 1115.

Way, and in which said house plaintiff resided and now resides.

"3. That on the 1st day of November, 1919, and at the time of the felling and destruction of said trees as hereinafter stated said Aberdeen Way was, ever since has been, and now is, a public street or highway; and that on the 1st day of November, 1919, and at the time of the felling and destruction of said trees as hereinafter stated, said Aberdeen Way in front of plaintiff's said real property and house and that part of said Aberdeen Way in front of plaintiff's said real property and house was, ever since has been, and now is, a public street or highway.

"4. That said trees aforesaid stood and were growing until destroyed in front of plaintiff's said real property and house and on Aberdeen Way as aforesaid.

"5. That on or about the 1st day of November, 1919, and within two years preceding the commencement of this action, defendants maliciously, willfully, wrongfully, and without any lawful authority, or any authority, cut down, felled, and destroyed said seven trees aforesaid, and all of them.

"6. That thereby and by reason of such destruction of said trees plaintiff was and thereafter continued to be deprived of said shelter afforded by said trees and of the pleasure, comfort and enjoyment derived from said trees in front of her said house; that prior to the destruction of said trees plaintiff had for many years enjoyed the same and the beauty thereof and the shade and shelter afforded thereby.

"7. That by reason of said destruction of said trees the value of plaintiff's said house and real property above described became and was lessened to the extent of three hundred fifty dollars ($350.00) and that plaintiff's enjoyment of her said house on said real property has been ever since the destruction of said trees materially and substantially lessened.

"8. That by reason of the premises and said wrongful act of defendants in cutting down said trees plaintiff has been and is damaged in the sum of three hundred fifty dollars ($350.00) actual damages suffered and sustained by plaintiff in the premises.

"9. That it is not true that said trees aforesaid were of a dangerous nature or were dangerous to the person and property or to the person or property of defendant Zeiss and the

members of his family or of defendant Zeiss or the members of his family as alleged in defendants' answer herein or at all.

"10. That it is not true that said trees aforesaid rendered the premises of defendant Zeiss unhealthful or unfit for human habitation as alleged in the answer herein or at all.

"11. That by reason of the foregoing premises and the above findings it becomes and is unnecessary to find or make any findings herein as to any other facts involved or in issue herein or involved upon the issues made and joined by the pleadings herein and that such other facts in issue herein are immaterial.

"And this Court now concludes that said plaintiff is entitled to have judgment in her favor against said defendants and each of them for treble and the amount of her damages aforesaid or for the sum of One Thousand Fifty Dollars ($1,050.00) as provided for by section 733 of the Code of Civil Procedure. Let judgment herein be entered accordingly."

[1] There being nothing in the record to the contrary, it will be presumed that the plaintiff's title extended to the center of Aberdeen Way. (Civ. Code, sec. 831.) Trees whose trunks stand wholly upon the land of one owner belong exclusively to him. (Civ. Code, sec. 833.) [2] In the case of *Donahue* v. *Keystone Gas Co.*, 181 N. Y. 313 [106 Am. St. Rep. 549, 70 L. R. A. 761, 73 N. E. 1108], the supreme court of New York had under consideration a set of facts quite similar. Following some earlier cases in that state, the court held that the plaintiff had a property right sufficient to permit him to maintain an action against any person, except the highway officials, who might wrongfully injure or destroy the trees. (See, also, 3 Dillon on Municipal Corporations, 5th ed., sec. 1126.) The defendants claimed that the trees leaned over the property of the defendant Zeiss and were a menace to his property. The trial court found against him on that contention. Even though the trial court had found the fact the other way, the defendant would not necessarily have had the right to cut the trees down. (*Grandona* v. *Lovdal*, 70 Cal. 161 [11 Pac. 623].) To the same effect is *Scarborough* v. *Woodill*, 7 Cal. App. 39 [93 Pac. 383]. [3] Having the right to some relief, the plaintiff filed her action under the provisions of section 733 of

the Code of Civil Procedure. That section authorizes the trial court to award treble damages. But to entitle a plaintiff in one of these cases to treble damages under section 733 of the Code of Civil Procedure, he must allege that the defendant willfully and maliciously removed the trees knowing them to be the property of the plaintiff. (*Stewart* v. *Sefton,* 108 Cal. 197 [41 Pac. 293].) The plaintiff in the case at bar pleaded that the acts of the defendants were done willfully and maliciouly and the court so found. However, the appellants claim that there is no evidence in the record that the defendants' acts were both willful and malicious. The respondent replies that such evidence is in the record and she cites and relies upon the testimony of Mrs. Barton, a sister of the plaintiff. That witness testified that about two months before the date of the cutting she had a conversation with the defendant Zeiss concerning the trees. The conversation was as follows: "Mr. Zeiss said he was going to cut this tree down. 'You better not,' I said; 'if you do, there will be war in camp. Mrs. Butler would have a fit.' He said, 'I will take the initiative and let her do the fighting.' I said, 'I wouldn't do that; she will be awful wild.' 'Well,' he said, 'the district attorney is a particular friend of my brother's. He said if I considered these trees a menace to my property I can cut them down.' I said, 'There is not a menace to your property. There is not one tree leaning towards your house. There are some branches reaching over to my house. There isn't one leaning towards yours.' "

It appears from the evidence that the plaintiff and her family, and the defendant Zeiss and his family, did, during the summer months, occupy their respective residences at Inverness. When the summer had come to a close and the plaintiff had left the neighborhood, the defendant Zeiss gave directions to his codefendant Reeves, and, acting on such directions, the defendant Reeves executed the act. If the trial court believed the foregoing testimony, and from its findings we must assume that it did, then it had the power to make a finding that the cutting was done willfully and maliciously. (*Davis* v. *Hearst,* 160 Cal. 143, 163 [116 Pac. 530].) Having found the facts accordingly, the trial court had the power to treble the damages.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.