[Civ. No. 3016. Fourth Dist. May 29, 1942.]

PAUL A. MOSESIAN & SONS, INC. (a Corporation), Respondent, v. ELIZABETH DANIELIAN, Appellant.

C. T. Walton and M. G. Gallaher for Appellant.

L. Kenneth Say for Respondent.

GRIFFIN, J.—In this action respondent seeks to recover from appellant ordinary as well as treble damages under section 3346 of the Civil Code. The complaint alleges generally that plaintiff is and was the owner of the real property involved, i. e., N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of sec. 30, T. 15 S. R. 23 E., M. D. B. & M.; that defendant on June 4, 1939, entered upon the land and without leave did cut down and tear out forty-nine peach trees growing thereon belonging to plaintiff of the value of $980; that plaintiff lost said trees and thereby the defendants by force and effect of section 3346 of the Civil Code forfeited and became liable to pay plaintiff treble the amount of said damages. It sought judgment in the sum of $2,940, which amount included the treble damages pleaded. Defendant answered, without demurring, either generally or specially, admitted plaintiff was the owner of the land described but alleged that the ownership was subject to an easement owned by appellant across a portion of the above-described land; that by this easement she was a joint owner of an irrigation ditch, with the right to convey through that ditch water for the purpose of irrigating land belonging to her which adjoined the land of the plaintiff described in its complaint; and that under the terms of the easement the appellant was entitled to convey water through the irrigation ditch without interference and was entitled to maintain and repair the irrigation ditch and keep it in a condition suitable for conducting water through that ditch, and to remove any obstructions which may have been found in or upon the banks of the irrigation ditch which interfered with or impeded the flow of water through it. Appellant then admitted that on June 4, 1939, she removed from the bank of the irrigation ditch approximately forty-four peach trees growing thereon. She then alleged that the peach trees impeded and interfered with the flow of water through the irrigation ditch to her land and claimed that they constituted an obstruction which she was entitled to remove; that the said trees were not removed wrongfully or maliciously by her but were removed solely for the purpose of protecting the easement and to prevent the obstruction of the ditch.

The court found that the allegations of the complaint were

generally true except that the actual damage amounted to $150 for the value of the trees removed and that respondent was entitled to treble damages totaling in all the sum of $450. In respect to appellant's answer the court found that "it is not true that the defendant . . . removed from the bank of the irrigation ditch . . . approximately 44 peach trees which were growing upon the bank of said irrigation ditch, and it is true that the defendant removed 49 of said peach trees instead of 44 peach trees as alleged therein; that it is not true that said peach trees impeded or interfered with the flow of water through said irrigation ditch to the land of the defendant and constituted an obstruction which the defendant was entitled to remove; that it is not true that said trees interfered with the use and enjoyment of said easement . . . that it is not true that said trees were not removed wrongfully or maliciously by this defendant; that it is not true that said trees were removed solely for the purpose of protecting the easement of the defendant and to prevent their obstruction of said irrigation ditch."

Judgment was entered for respondent in the sum of $450. Defendant appealed. ▮ Appellant now contends that the complaint does not state a cause of action for any amount or for treble damages. The complaint stated a cause of action for general damages and by reference to section 3346 of the Civil Code appellant was apprised of the nature of the cause of action and the amount claimed. No demurrer was interposed for uncertainty or otherwise.

▮ It is clear from appellant's answer that she was defending a cause of action based upon section 3346 of the Civil Code for treble damages. The trial court proceeded under, and evidence was taken upon that theory. Findings were accordingly made. Appellant cannot now complain of this claimed uncertainty for the first time on appeal. (*Daggett* v. *Gray*, 110 Cal. 169 [42 Pac. 568]; *Kreling* v. *Kreling*, 118 Cal. 413 [50 Pac. 546]; *Sly* v. *Abbott*, 89 Cal. App. 209, 215 [264 Pac. 507]; *Wagoner* v. *Silva*, 139 Cal. 559 [73 Pac. 433]; *Hatton* v. *Gregg*, 4 Cal. App. 542 [88 Pac. 594]; Hillyer's Annotated Forms of Pleading and Practice, vol. 10, § 10,272.) There is but little conflict in the evidence in this case upon the matters which are material to the issues.

In 1904 one T. Danielian, father of appellant, had title to the land which appellant now owns. Appellant acquired

it in 1908. The adjacent lands were owned by three others, viz., Bedrosian, Simonian and Ahroonian. About that time the owners of these tracts, all in section 30, entered into an agreement whereby they established a right-of-way for a ditch 25 feet wide, and provided the means by which the ditch was to be cared for and the manner of its use. Afterwards, on April 11, 1908, the owners of the land entered into another contract concerning the care, repairs, tending and use of that ditch by them. In 1904 an engineer surveyed the 80 acres that comprised the land on both sides of the ditch and established a line as the then owners wanted it and established the ditch on that line. The ditch was placed 15 feet north of the government survey line between the respectively owned lands in that 80 acres. The parties desired the ditch line established where it would make an even division of the north half and the south half of the cultivable lands of the owners rather than the government survey line dividing the two tracts, which was 15 feet south of the ditch line. Water ran through the ditch as thus established during the times T. Danielian and appellant owned the property. After the ditch was constructed in 1904, there were peach trees planted on the north levee of the ditch by the then owner Simonian, predecessor to respondent. Those trees were taken out and removed in 1935 by respondent and in March, 1936, it planted forty-nine other peach trees on or near the same levee, which were planted nearly in the same place where the other peach trees had been planted. The appellant in this case believed that the cultivation of the trees by the respondent, in some places, broke down the levee and that the presence of the trees interfered with the free flow of the water through the ditch. On one occasion in 1938 she procured the justice of the peace to cite the superintendent before the justice's court and there the justice sought to establish peace and ordered that the ditch bank be replaced. This was not done. Thereafter appellant and her foreman, admittedly, proceeded to and did plow the trees up. This action followed.

There was testimony that the trees never obstructed the flow of water in the ditch in any manner. All the trees were growing upon respondent's land and belonged to it. In view of the court's implied finding that the trees, as thus located, did not interfere with the appellant's use and enjoyment of her easement and that the trees were removed wrongfully

and maliciously by her, we are impelled to affirm the judgment. The evidence would support such a conclusion.
Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 27, 1942.