[Civ. No. 12448.   First Dist., Div. Two.   Oct. 14, 1943.]

ELLEN G. SWALL, Appellant, v. ALBERT ANDERSON
et al., Respondents.

Earl C. Berger and Wayne M. Collins for Appellant.

Kenneth R. Malovos, Herman J. Mager and Malovos & Mager for Respondents.

NOURSE, P. J.—Plaintiff instituted this action to recover actual and treble statutory damages, together with attorney's fees, for injuries to a portion of the trees of an orchard owned by her, alleged to have been caused by the "deliberate" action of defendants while moving a house along Levin Avenue, a public thoroughfare, which borders plaintiff's orchard. The trial judge rendered judgment for actual damages only and plaintiff has appealed from "that part of the judgment which disallows treble damages, costs and disbursements." Levin Avenue is located in Santa Clara County near the town of Sunnyvale. At the place in question it is bordered on one side by plaintiff's orchard and on the other by that of a third person. The trees bordering the avenue in the orchard opposite that of plaintiff are interspersed with power poles while those of plaintiff's orchard are not.

At the point in question the official width of Levin Avenue is fifty feet but the paved portion thereof was sufficient to permit two passenger cars, each about six feet wide, to pass. The trunks of the trees that were damaged are on appellant's property but the branches thereof extended over the roadway. Photographs introduced in evidence indicate that these branches extend almost to the paved portion of the roadway. The house which defendants were moving had a width of at

least twenty-four feet which would necessarily extend beyond the paved portion of the roadway.

Defendant, Lawrence Anderson, who owns the house moving business conducted under the name of Anderson Brothers, was in Alaska at the date of the injuries to plaintiff's trees and at the date of the trial. His brother Albert Anderson, another defendant, was his employee and was directing the moving of the house at the date of the injuries complained of. Before proceeding down Levin Avenue, Albert Anderson observed that to proceed it would be necessary to touch the bordering trees at least on one side. He chose to strike those of plaintiff which bordered the road rather than the trees on the other side because of the power poles interspersed among the trees bordering the road. He stated that it was his judgment that "the house would brush by the limbs without any extensive damage to the trees." After striking the limb of the first tree and breaking it at its joinder with the trunk, he continued down the road, damaging thirty-nine trees. To facilitate the house's passage along the roadway with the least amount of damage to the trees he sawed off some limbs which he feared would break farther back and thus cause permanent damage to the trees.

With respect to the intent with which the damage was done the trial court found "That although the initial damage inflicted by defendants may have been accidental, the ensuing damage was not accidental, rather, it was incurred with the knowledge of the defendants that same would result if they continued to move the load farther, which they did, and also when they used saws and other tools to remove limbs and branches, and in carrying same away from plaintiff's premises."

Appellant first asserts that the judgment should have been against defendant Ellis Anderson as well as the other defendants but as appellant appealed only from that portion of the judgment which disallowed treble damages it is apparent that a reversal of the portion of the judgment appealed from would not require reconsideration of the whole case in the court below. For that reason we need not consider the liability of defendant Ellis Anderson. (2 Cal.Jur. 807; *Whalen* v. *Smith,* 163 Cal. 360, 362 [125 P. 904, Ann.Cas. 1913E 1319].)

The principal question presented is the proper construction and application of section 733 of the Code of Civil

Procedure and section 3346 of the Civil Code. The first of these reads as follows: "Trespass for cutting or carrying away trees, etc., actions for: (Treble damages). Any person who cuts down or carries off any wood or underwood, tree, or timber, or girdles or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village, or city lot, or cultivated grounds; or on the commons or public grounds of any city or town, or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, in a civil action, in any court having jurisdiction."

Section 3346 of the Civil Code reads: "Injuries to trees, etc. For wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such a sum as would compensate for the actual detriment, except where the trespass was casual and involuntary, or committed under the belief that the land belonged to the trespasser, or where the wood was taken by the authority of highway officers for the purposes of a highway; in which cases the damages are a sum equal to the actual detriment."

At the time these sections were enacted in 1872 section 602 of the Penal Code was enacted reading: "Every person who wilfully commits any trespass, by either: 1. Cutting down, destroying, or injuring any kind of wood or timber standing or growing upon the lands of another; or, 2. Carrying away any kind of wood or timber that has been cut down and is lying on such lands; . . . is guilty of a misdemeanor." The obvious purpose of all three code sections is to protect trees and timber on private land. Hence, those provisions relating to treble damages must be treated as penal and punitive.

Appellant's first contention, that under these sections it is mandatory that treble damages be awarded upon a mere showing of the wrongful injury, may, under the decided cases, be quickly dismissed. In *Barnes* v. *Jones,* 51 Cal. 303, 306, the court was concerned with the proper application of section 251 of the Practice Act (which was substantially the same as section 733 of the Code of Civil Procedure). It was there held that the trespass causing the injury must be pleaded and proved to have been wilful or malicious. This

holding was followed in *Stewart* v. *Sefton,* 108 Cal. 197 [41 P. 293]. To the same effect is *Butler* v. *Zeiss,* 63 Cal.App. 73 [218 P. 54]. In the recent case of *Paul A. Mosesian & Sons* v. *Danielian,* 52 Cal.App.2d 387, 390 [126 P.2d 363] in considering the application of section 3346 of the Civil Code it was assumed without discussion that the injury must be proved to have been wilful and malicious.

It remains for us to decide the degree of malice that is required and the discretion, if any, that is invested in the trial court in determining whether treble damages should be imposed under the particular facts.

■ As sections 733 of the Code of Civil Procedure and 3346 of the Civil Code relate to the same subject matter they must be construed together. Under settled rules of statutory construction they must, insofar as any reasonable construction will permit, be construed to be consistent and not in conflict. Moreover, they must be construed so as to give effect to the whole of each. ■ It will be noted that section 733 uses the expression that the defendant "is liable" and section 3346 states that "the measure of damages is three times" the actual damages. It is at least doubtful that these expressions even standing alone and unqualified by the concluding language of section 733, hereinafter referred to, should be construed to be mandatory. The other four contained in the same article as section 3346 use the phrase "must pay" or "must provide." In using these expressions of so obviously greater emphasis it is only reasonable to conclude that the Legislature intended a different meaning to be attributed to the expression "is liable." This conclusion is strengthened by the fact that in construing these sections the cases already cited (*Barnes* v. *Jones,* 51 Cal. 303; *Stewart* v. *Sefton,* 108 Cal. 197 [41 P. 293]; *Butler* v. *Zeiss,* 63 Cal.App. 73 [218 P. 54]; *Paul A. Mosesian & Sons* v. *Danielian,* 52 Cal.App.2d 387 [126 P.2d 363]) have impressed as a condition of liability that the acts complained of be wilful and malicious, a condition not expressly set forth in the sections. But the conclusive answer to the question of whether imposition of the penalty is mandatory is contained in the concluding portion of section 733. That portion of the section provides that the damages "may be assessed," a phrase which is obviously permissive and not mandatory. ■ If the two sections are to be construed together, as they must be, and if full meaning is to be given to each provision of both

sections, it is the only reasonable conclusion that while these two sections prescribe the degree of penalty to be invoked they commit to the sound discretion of the trial court the facts and circumstances under which it shall be invoked.

In considering the question whether the trial court abused its discretion in refusing to award treble damages we must view all the circumstances under which the question arises—the penal nature of the statutes, the conditions confronting respondents leading to the injuries, and the purposes for which the statutes were enacted. It is undisputed in the testimony, and verified by the exhibits, that the branches of appellant's trees extended into the highway close to the paved portion, that the paved portion of the highway was approximately sixteen or eighteen feet wide, that the house which defendants were moving was twenty-four feet wide and about eighteen feet high, so that it was impossible for them to travel solely upon the paved portion of the highway, and that some of the branches would be hit, or "brushed" by the house as it moved along. Since the highway is dedicated to public use to its full width irrespective of the portion paved for easy motor travel, the trial court was justified in taking into consideration the fact that the respondents might have thought they had a right to cut off the branches overhanging the highway. It is not unreasonable to assume that one in such predicament might believe that he had a right to remove these overhanging branches without being charged with malice or a reckless disregard of the rights of the owner. To the contrary, it is reasonable to assume that such a person would act as the respondents did here with the purpose of compensating the owner for the actual damage caused. Now, on the issue of punitive damages, the fact that respondents thought they would not injure the trees very much is not the same as if they had thought they had the right to injure them to some extent. In one case they would think they were not going to do much harm, in the other they would think they were not going to do anything which they did not have the right to do. Here the actual injuries to the trees were greatly exaggerated and the trial court would have been justified, upon the evidence offered by the owner, in awarding damages in a much smaller sum than that found in the judgment. All these circumstances were in the mind of the trial court in rendering its judgment.

Prior to the entry of judgment an opinion was filed to

which we may refer for the purpose of discovering "the process by which judgment was reached." (*Union Sugar Co.* v. *Hollister Estate Co.*, 3 Cal.2d 740, 750 [47 P.2d 273].) In the opinion of the learned trial judge he said: "I am of opinion in that the facts of this case do not justify a trebling of damages. The first damage was accidental—a negligent accident, perhaps; but still unintended and without malice or expectation of wrongdoing.

"The damage next following was the result of an awkward attempt to repair part of the first damage. And finally the succeeding damage was caused by poor judgment in endeavoring to escape from the difficult situation which had then developed."

It has been said frequently that the discretion invested in the trial court is a judicial one, not to be exercised arbitrarily or capriciously, but none the less every intendment from the evidence is to be drawn in support of the conclusion reached. Resolving such conflicts in alternative inferences as may be drawn from the evidence in favor of the judgment rendered it is apparent that there was no showing of an actual malevolent purpose. The trial court found that "the initial damage inflicted by defendants may have been accidental." Thereafter respondents knew that they would damage appellant's orchard but there is evidence that they believed that the damage would not be extensive. They were faced with the dilemma of inflicting what they believed would be but slight damage to the orchard of appellant and blocking public thoroughfares for a substantial period of time. Under these circumstances, and in view of the very liberal award for actual damages, we cannot say that the trial court abused its discretion in refusing to impose the statutory penalty.

This conclusion renders it unnecessary to consider appellant's contention with respect to attorney's fees.

The judgment is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 6, 1943. Carter, J., and Schauer, J., voted for a hearing.