[Civ. No. 17625.   First Dist., Div. Two.   Oct. 30, 1957.]

THOMAS W. ROCHE et al., Plaintiffs and Respondents, v. FRED CASISSA et al., Appellants; NATHAN ERB, Defendant and Respondent.

*Counsel for defendant Hoeffner also objected to introduction of the accusatory statements.

David B. Fyfe for Appellants.

Nelson, Boyd & Menary and D. K. MacDonald for Respondents.

DRAPER, J.—This is an action for treble damages for wrongful cutting of trees upon plaintiffs' land. Defendants Casissa employed defendant Erb to top trees. Among those cut were 14 redwood trees and one bay tree located on plaintiffs' property. Erb answered separately and cross-complained against his codefendants for costs and attorney's fees. After trial without jury, judgment was entered in favor of plaintiffs and against defendants Casissa for $2,400 "which said sum is three times the actual damage done." Cross-complainant Erb had judgment against defendants Casissa for his costs. The treble damages were awarded under Civil Code, section 3346, and Code of Civil Procedure, section 733. Defendants Casissa appeal.

Appellants' first contention is that the evidence does not support a finding of any damage to respondents. Respondents reply that this argument cannot be raised because appellants, although they moved for new trial, did not specify excessive damages (Code Civ. Proc., § 657, subd. 5) as a ground of the motion. ■ The general rule is that excessive damages cannot be urged as a ground for reversal unless previously presented to the trial court on motion for new trial (*Bate* v. *Jolin*, 206 Cal. 504 [274 P. 971]; *Reid* v. *Gillespie*, 87 Cal. App.2d 769 [197 P.2d 566]). However, that rule can have no application here. Appellants do not complain of "excessive damages, appearing to have been given under the influence of passion or prejudice," the ground for new trial specified in the code section. Rather, they contend that no damage at all is shown by the evidence.

Appellants' contention is that the testimony shows that respondents' land was worth at least as much after the cutting of the trees as before. This contention ignores the testimony of one witness that the land had a value of $5,000 before the trees were damaged. It is true that there was evidence that respondents bought the land some 10 months earlier for $300. Also, the witness who testified to the value of $5,000 gave other testimony which might be construed to mean that his view was not based on market value. ■ However conflicts in the evidence are to be resolved by the trial court, and an appellate court will not weigh the evidence

(*Morand* v. *Seaside Memorial Hospital*, 121 Cal.App.2d 745 [264 P.2d 96]). There was testimony that the value of the land after the trees were cut was $500. ■ The trial court, pursuant to stipulation, viewed the premises. This is in itself evidence (*County of San Diego.* v. *Bank of America*, 135 Cal. App.2d 143 [286 P.2d 880]; *Chatterton* v. *Boone*, 81 Cal. App.2d 943 [185 P.2d 610]). The evidence amply supports the finding of $800 actual damage.

■ Appellants contend that the trial court erred in admitting evidence as to the value of the trees. Assuming the true measure of damages to be the damage to the freehold, rather than the value of the trees themselves, the admission of this evidence was not error. The evidence was admissible because it was received for its bearing upon the damage done to the property as a whole, and not with respect to any intrinsic value of the trees as so much wood (*Baker* v. *Pierce*, 100 Cal.App.2d 224 [223 P.2d 286]). As pointed out above, there was other substantial evidence of damage.

■ Finally, appellants argue that the evidence does not support an award of treble damages. Although the code sections (Civ. Code, § 3346, and Code Civ. Proc., § 733) do not in terms condition the award upon wilfulness or malice, recovery of treble damages cannot be had except upon such showing (*Stewart* v. *Sefton*, 108 Cal. 197 [41 P. 293]). What constitutes wilful or malicious conduct under this rule has not been spelled out in California decisions. An indication is given by Civil Code, section 3346, which provides treble damages for wrongful injuries to trees "except where the trespass was casual and involuntary, or committed under the belief that the land belonged to the trespasser."

■ In general, the question of what circumstances warrant award of exemplary damages under these sections is committed to the sound discretion of the trial court (*Swall* v. *Anderson*, 60 Cal.App.2d 825 [141 P.2d 912]). ■ Where there is a real question as to plaintiff's title and defendant has a right to remove substantial parts of the trees because they extend over his land, an award of more than actual damage will be reversed (*Fick* v. *Nilson*, 98 Cal.App.2d 683 [220 P.2d 752]). Where plaintiff's title is clear and is known to defendant, award of treble damages is within the discretion of the trial court (*Mosesian* v. *Danielian*, 52 Cal.App.2d 387 [126 P.2d 363]; *Butler* v. *Zeiss*, 63 Cal.App. 73 [218 P. 54]).

■ Here there is testimony that appellant husband admitted, before the cutting of the trees, that he knew they

were on land not his own. He did suggest his opinion that the land was owned by a church which would not object to the cutting. However, he had no direct authorization from the church, and obviously he made no real effort to determine actual title. In any event, he knew that the trees were not on his land, yet he disregarded the rights of the adjoining owner and cut the trees for the sole purpose of improving the view from his own house. This evidence supports the finding that his acts were wanton and wilful. The award of treble damages was well within the discretion of the trial court.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.