[Civ. No. 9430.   Third Dist.   Dec. 29, 1958.]

WILLIAM SWEET et al., Respondents, v. AXEL
ERICKSON et al., Appellants.

Alvin D. McNeil and John T. Sweeney for Appellants.

Frederick L. Hilger and Charles M. Thomas, Jr., for Respondents.

PEEK, Acting P. J.—Defendants appeal from an adverse judgment entered pursuant to a verdict of the jury in favor of plaintiffs in the sum of $10,000 as damages for the alleged taking by defendants of logs situated on plaintiffs' property.

During the Summer of 1953 defendants' predecessor, Bear River Lumber Company, sent a faller onto the property involved and cut and bucked out, but did not log out the trees thereon. At this time Bear River was conducting logging operations on land adjacent to plaintiffs' property, but it had no interest therein or to the timber which it had cut. In April of 1954 plaintiffs acquired title to the 40 acres involved. In September of 1954 Bear River sold to defendants certain land and timber rights described as including ". . . all felled and/or bucked timber and logs as same presently lie within the logging operations of the seller. . . ." In the Spring of 1955 defendants removed the cut timber from what was then plaintiffs' property.

It is defendants' contention that the court erred in overruling their objections to testimony by the county timber cruiser from books in his custody relative to the amount of timber assessed on the property for the years 1954 and 1955; that the court erred in sustaining objections to questions asked

of plaintiff McKenzie concerning a price paid by plaintiffs for the 40 acres, and that the court also erred in submitting the issue of treble damages to the jury.

The specific testimony attacked by defendants in their first contention was given by the witness McCutcheon, the official timber cruiser for Humboldt County, who stated that it was his duty to verify the accuracy of timberland assessments or make cruises upon which such assessments were made; that he was familiar with the particular tract involved, as it was recorded in the timber cruise book; that it had been recorded in the ordinary and regular course of operation of the Humboldt County assessor's office by one Stamm who had preceded him in office. These records reveal that the volume of timber assessed upon the 40 acres for the years 1954 and 1955 was 600,000 feet. Defendants' objection to his testimony was that it was incompetent, irrelevant and immaterial; that no proper foundation had been made; that the particular record was a self-serving document and hearsay; and that the same had not been prepared by the witness. The report was prepared by a county official as a part of his official duties and was introduced as evidence of the footage of timber on the land and obviously relevant to the issue then before the court. There can be no question that the entries in the cruise book, being public writing, were properly received in evidence. (Code Civ. Proc., § 1920.) We find no merit in defendants' further argument that the issues were confused since the timber, having been severed as of the date of the report, was hence personalty and the report itself spoke in terms of realty.

Defendants' next contention is that the court erred in sustaining their objections to questions asked plaintiff McKenzie on cross-examination seeking to elicit the price paid by plaintiffs for the acreage in 1954. In the recent case of *County of Los Angeles* v. *Faus*, 48 Cal.2d 672 [312 P.2d 680], the court reversed certain prior holdings and held that evidence of purchase price is admissible to prove fair market value at a particular time and place. However, the court qualified its holding by stating that such sales should be sufficiently close in time to the evaluation date and sufficiently similar in all characteristics to be relevant, and that ''manifestly, the trial judge in applying so vague a standard must be granted a wide discretion.'' (P. 678.) While the court under a proper foundation, as noted in the Faus case, might well have allowed such testimony into evidence, nevertheless it

would appear that in view of the highly fluctuating value of timber, and the fact that the answer to the excluded question would have involved the price of timber on land and hence have raised the collateral issue of the apportionment of price between the land and the timber, we cannot say that there was an abuse of discretion in denying the evidence sought by defendants.

Defendants' final contention, although somewhat confusing, appears to be that the court erred in submitting the question of treble damages to the jury, since the complaint charged conversion of personal property, namely logs, but that nowhere in the charge to the jury was the word "logs" used, nor does the word appear in Code of Civil Procedure, section 733, or Civil Code, section 3346, which authorize treble damages for injuries to trees. Under the facts of the case it would not appear that the jury could have been confused by reference to "timber and trees" rather than "logs," as the only trees involved in the action were those which had been cut and bucked and were on the plaintiffs' property. The code provisions specifically provide:

"Any person who cuts down or carries off any wood or underwood, tree, or timber . . . is liable to the owner of such land, . . . for treble the amount of damages which may be assessed therefor, . . ." (Code Civ. Proc., § 733.)

Although defendants further contend that the complaint did not allege nor prove that the defendants moved the logs from plaintiffs' land knowing them to be plaintiffs' property, it does appear that at the conclusion of the case plaintiffs were allowed to amend their complaint by inserting the words "wilfully and maliciously" in accordance with instructions previously requested by defendants.

In this connection the testimony given by the defendant Erickson that lines had been run denoting the boundaries of the property; that he knew he did not acquire either the land or the timber unless the same were described in his contract; that the contract involving adjoining lands did not include the land in question; that he maintained no production records and could produce no maps for the area, although he could produce maps for the adjoining areas, was of sufficient substantiality to support the finding that defendants wilfully and knowingly took the logs. Moreover, the defendants are in no position to question the finding of the jury in this regard, since this particular issue was presented as a question of fact

by defendants' own instruction. (See *Shumate* v. *Johnson Publishing Co.*, 139 Cal.App.2d 121, 130 [293 P.2d 531].)

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 25, 1959.

*Assigned by Chairman of Judicial Council.