**UNITED STATES of America,**
**Plaintiff,**

v.

**Carl VOLLWEILER and Art Kelly,**
**Defendants.**

**No. 40108.**

United States District Court
N. D. California, S. D.
May 12, 1964.

as the land "patented to Wesley B. Sherman by patent dated August 16, 1904".

The original patent to Wesley B. Sherman (Ex. 8) described the land as being in Section 11, according to the Official Plot of the survey of said lands—a survey made in 1884.

A Presidential Proclamation of May 16, 1905, (Ex. 9) withdrew all of Township 18 North, Range 3 East from land settlement for use as a National Forest, excepting, however, all private patents theretofore granted, including the Sherman patent of 1904.

On May 18, 1912, the Commissioner of the General Land Office cancelled the 1884 survey and instructed the Surveyor General to locate upon the ground the lands already patented including the Sherman Patent. (Ex. 10, 11)

Pursuant to surveys of 1913 and 1930, a resurvey map (Ex. 15) accepted November 13, 1942, clearly delineated eight privately patented lands and referred to them by tract numbers, showing the "W. B. Sherman" patent as "Tract 42", lying in Sections 9 and 10, rather than Section 11 as in the 1884 survey.

All of the survey field notes and maps were of public record in the State Office of Land Management, Sacramento and copies were also available in the Del Norte County Assessor's Office, together with the Assessor's plot depicting this "Tract 42".

According to the evidence, before entering into his logging contract, Vollweiler was aware of this Tract 42 and had seen the Assessor's plot and the 1942 resurvey map depicting Tract 42.

During negotiations for his contract, the grantors in a letter of June 27, 1961 (Ex. 2) to Vollweiler called his attention to the fact that there were two descriptions of the property and explained that the two descriptions were the result of moving a meridian line at the time the area was resurveyed by the government. They cautioned him to check these descriptions to be sure that he was getting the land he expected to log and

Cecil Poole, U. S. Atty., Rodney H. Hamblin, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Matthews & Traverse, Eureka, Cal., for defendants.

SWEIGERT, District Judge.

The plaintiff, United States, claims certain land within Del Norte County, known as Six Rivers National Forest, including an area lying in Section 11 in Township 18 North, Range 3 East, Humboldt Meridian as shown on a resurvey plot of November 13, 1942. (Ex. 14, 15)

Defendant, Vollweiler obtained a written contract (Ex. 1) dated June 30, 1961, from Myrtle Hughes and Sherley Harder, successors in title to Wesley B. Sherman, granting to Vollweiler the right to cut and remove timber from their real property in Del Norte County described as being in Section 11 in Township 18 North, Range 3 East, Humboldt Meridian, being Tract 42, formerly described

to be sure that it was the land that belonged to them.

In a second letter of June 30, 1961, they repeated this caution by asking whether he had gotten the two descriptions straightened out, adding " * * * would hate to have you log the wrong property".

Before Vollweiler commenced logging he called on United States District Ranger Smart at the Gasquet Ranger Station and showed him a copy of the Sherman patent and the 1903 purchase receipt and indicated he planned to log the Sherman land in Section 11.

The Ranger could not find that property in Section 11. Vollweiler did not show the Ranger his contract containing the two descriptions nor did he mention the two letters calling his attention to a government resurvey of the property and cautioning him to check the matter.

The Ranger had to radio his Eureka office to check on the matter and received a reply that the Sherman property was "Tract 42" which lies in Sections 9 and 10, as resurveyed in 1942, not Section 11 as indicated in the Sherman patent. Ranger Smart cautioned Vollweiler not to commence logging until the matter was straightened out.

Nevertheless, without any attempt to further check this information and these cautions and other record information easily available to him, he proceeded to log the government land in Section 11, a mile east of Tract 42, which had long been earmarked as a recreational area and which had never been logged—as the real Sherman patent land had been about ten years before.

Vollweiler purported to act on the 1904 patent and purchase receipt—the only two documents which did' *not* show on their face that the Sherman patent land was Tract 42 in Sections 9 and 10.

Three weeks later when Ranger Smart observed the logging operations and asked Vollweiler's agent, Kelly, to stop logging on national forest land, Vollweiler told Kelly to keep on logging until enjoined.

The defendant, Vollweiler, who has been engaged in the logging business for fifteen years, was quite familiar with timber land title records, surveys and maps. He even entered into a separate "Finders Contract" with Hughes and Harder to search the records in the area for them with a view to locating other timber lands to which they might be successors in title.

The evidence shows that the present owners of the Sherman patent lands, Hughes and Harder, have no dispute with the government. They pay taxes on Tract 42 and claim Tract 42.

THE RECORD TITLE

█ Assuming that defendant can in this case assert a claim of his logging rights to lands different from those claimed by the grantors, the Court finds and concludes that the subject matter of the contract, the Sherman patent land, was Tract 42 and that the land actually logged was and is the property of the plaintiff, United States.

DAMAGES

California Civil Code, § 3346 provides that the measure of damages for wrongful injury or removal of timber is three times such sum as would compensate for the actual detriment *except* where the trespass was casual or involuntary *or* where the defendant had probable cause to believe that the land was his own or belonged to the person on whose advice or by whose direction the act was done—in which case the damages shall be twice the actual detriment.

The section further provides that the measure of damages shall be actual detriment only when the trespass is committed while acting on a survey improperly fixing boundary lines—if the survey was procured from a licensed surveyor by the defendant himself, or his immediate predecessor in title.

Defendant concedes that he does not come within the actual detriment provision last above noted. (Def's brief p. 6).

The defendant contends, however, that damages, if awarded, should be not treble damages, but only double damages for the reason that defendant had probable cause to believe that he was logging the land covered by the Sherman patent and by his contract.

The question is, therefore, whether treble or double damages should be awarded.

It has been held that the treble damage provision of Section 3346 applies only when the defendant has acted wilfully and maliciously. Caldwell v. Walker, 211 Cal.App.2d 758, 27 Cal.Rptr. 675.

Malice, however, may consist of a state of mind determined to perform an act with reckless or wanton disregard of or indifference to the rights of others. Since a defendant rarely admits to such a state of mind, it must frequently be established from the circumstances surrounding his allegedly malicious acts. Caldwell v. Walker, supra; Roche v. Cassissa, 154 Cal.App.2d 785, 316 P.2d 776; Sweet v. Erickson, 166 Cal.App.2d 598, 333 P.2d 369—all approving awards of treble damages.

The Court finds and concludes that the trespass in question was neither casual or involuntary nor with probable cause of the defendant, Vollweiler, to believe that the land logged was the land covered by the Sherman patent of 1904, the subject of his logging contract.

The Court finds from the evidence that said injury to and removal of timber was wilful and malicious in that it was committed with a reckless and wanton disregard of and indifference to the rights of plaintiff and that the measure of damage pursuant to California Civil Code, § 3346, is three times such sum as would compensate for the actual detriment.

The actual detriment has been stipulated by the parties to be Three thousand ($3,000) Dollars.

The damages awarded, therefore, are Nine thousand ($9,000) Dollars for injury and removal of timber, together with One thousand ($1,000) Dollars, the stipulated expense to plaintiff of slash removal and damage to the land.

The Court finds that the evidence is insufficient to support any award of damages against defendant, Kelly, and that judgment therefore, should be in favor of said defendant.

Plaintiff will prepare, serve and present Findings of Fact and Conclusions of Law in accordance with the views herein set forth, together with a judgment for damages and for injunctive relief as prayed.