[No. 5040.]

## P. T. TULLEY v. M. TRANOR ET AL.

CONVERSION—RETROACTIVE AMENDMENT TO CIVIL CODE.—The amendment of sec. 3336 of the Civil Code, which took effect July 1st, 1874, operated upon the trial of an action brought for the conversion of personal property which took place after the amendment took effect, although the conversion had occurred prior to the amendment.

SAME—CONSTRUCTION OF STATUTE.—The expression of sec. 3336, "the detriment caused by the wrongful conversion of personal property is presumed to be," indicates that it was intended to establish a legal presumption to operate, and which could only operate, at the trial of the cause.

SAME—"RIGHT ACQUIRED."—The right to resort, at the trial of an action for the conversion of personal property, to an arbitrary *presumption of detriment* was not, previous to the trial at which the presumption would have arisen, a "right acquired" within the meaning of sec. 286 of the Amendments to the Civil Code, which took effect July 1st, 1874.

"PROCEEDING TAKEN."—The commencement of an action before the "Amendments" took effect was not a "proceeding taken" within the meaning of the section aforesaid.

PRACTICE ON APPEAL.—When a cause has been tried by the parties in the Court below on the theory that an averment in the complaint is denied by the answer, the plaintiff will not be permitted in this Court to claim that the averment is not denied.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

From December, 1872, until August, 1873, defendants acted as the brokers of plaintiff, buying and selling for him shares of mining stock, receiving the dividends and paying assessments thereon. In July, 1873, the defendants, as such brokers, had in their possession, belonging to plaintiff, certain shares of the capital stock of divers mining corporations. Plaintiff owed defendants two thousand dollars and twenty-five cents, being so

much money advanced by them as part of the purchase price
of certain shares.   About July 22nd, 1873, plaintiff called for
his stock, offering to pay the indebtedness mentioned, but the
defendants declined to deliver it, avowing that it had all been
sold and they were insolvent.

This action was accordingly instituted against the defendants
for the conversion of the stock.   The complaint was verified,
and alleged that the value of the property converted was fif-
teen thousand dollars.   The answer specifically controverted all
the allegations of the complaint except as to the value of the
property, and as to that denied that it " was or is of the value of
fifteen thousand dollars."   The plaintiff had judgment for twelve
thousand and fifty-seven dollars and fifty-three cents, and the
defendants appealed therefrom and from an order denying a new
trial.   The complaint was filed February 2nd, 1874.   The
" Amendments " referred to in the opinion took effect July 1st,
1874.

*William Barber* and *J. Napthaly* and *Lewis Shearer*, for
Appellants.

1. Statutes prescribing the form, scope, or extent of a legal
remedy do not become practically operative in any given case
until the time arrives for the ascertainment and application of
the remedy.   Then, and not till then, the " right " accrues.
The existing law then furnishes the rule for all that concerns
the remedy.   The Court below erred in awarding damages, not
according to sec. 3336 of the Civil Code, as it existed at the
time of the trial, but as it existed at the time of the alleged
conversion.   (*Tuolumne Co.* v. *Sedgwick*, 15 Cal. 515 ; *McMinn*
v. *Bliss*, 31 Cal. 122; *Butler* v. *Palmer*, 1 Hill, 333 ; *Key* v.
*Goodwin*, 4 Moore & P. 341, 351; *Supervisors* v. *Briggs*, 3
Denio, 173 ; *Southwick* v. *Southwick*, 49 N. Y. 510, 517 ; *Morse*
v. *Goold*, 11 N. Y. 281; *Surtees* v. *Ellison*, 4 Mann. & R. 586 ;
*Gilman* v. *Cutts*, 23 N. H. 382; *Rich* v. *Flanders*, 39 N. H.
322.)

2. The expression " is presumed to be," in sec. 3336 of the
Civil Code, refers to the time when, in the regular course of

judicial proceedings, it becomes necessary to determine the question of damages; and this is on the trial of the cause. There is no case for the existence of any presumption on the subject until then.

3. In reply to respondent's second point, it is submitted that no " right had been acquired or proceedings taken " under the repealed clause of sec. 3336, at the date of the repealing act.

The question as to the existence of such right must be tested by general legal principles. We must first determine whether or not there was any such right, before inquiring if it has been impaired. The authorities already cited show that the law regulating the remedy is always considered as merely provisional, and completely subject to legislative control, even as to existing suits and causes of action. (See, further, Cooley Cons. Limit. 287–292.) A plaintiff has no " right" to any legal remedy, except such as exists at the proper time for applying it. A law changing a remedy *pendente lite* is not in any proper sense retroactive, because it does not operate on any right actually acquired. The fallacy, as we think, of the respondent's argument lies in the assumption that a law declaring what the legal presumption should be at the time of trial, in respect to the damages he had sustained, had already operated on his case from its very commencement, or from the date of his cause of action.

That no " proceedings " were " taken " under the repealed clause is too plain for argument. The respondent would construe the repealing clause as if it read: " These amendments shall not in any manner apply to or affect suits commenced before their passage." There is a wide difference between this language and that of the repealing act in question.

*Pixley & Harrison*, for Respondent.

1. The complaint averred the value of the property converted to have been fifteen thousand dollars, and the answer denied only that it " was or is of the value of fifteen thousand dollars " ; thereby confessing it to be of the value of any lesser sum. (*Huston* v. *T. & C. C. T. R. Co.* 45 Cal. 550; *Higgins* v. *Wortell*, 18 Cal. 330; *Towdy* v. *Ellis*, 22 Cal. 650–659.)

The Court accordingly found the value to be fourteen thousand seven hundred and thirty dollars, and ordered judgment for that sum, less two thousand six hundred and seventy-two dollars and forty-seven cents owing the defendants. The Court could not do otherwise under the pleadings, all evidence introduced as to the value being wholly immaterial. (*Patterson* v. *Ely*, 19 Cal. 34–40 ; *Tuolumne R. Co.* v. *Patterson*, 18 Cal. 415.)

This disposes of the principal objections of the defendants, they being based upon the theory that no evidence of the value of the property converted at any other time than at the time of the conversion was admissible.

2. The saving clause of the amendment of 1874 must mean something. What "right" could have been acquired other than that of having had the measure of our compensation for lost property fixed; and what "proceeding" could have been taken other than that of the institution of an action? The saving clause could not have contemplated the trial or judgment as a "right acquired" or a "proceeding taken," because it is universally known that such a clause would be needless, as without it the amendment could not vitiate a trial or impair a judgment had before its passage.

The statute, before its amendment, gave the plaintiff a right in this—it said : " If any person convert your property, he shall pay you therefor its highest market value," etc. The conversion having been made, the right to the compensation was thereupon acquired. Nay, more. The law may fairly be said to have made a contract between the parties, saying to the bailor : " You may entrust your property to another, and if he misappropriate it he shall pay you its highest value " ; and saying to the bailee : " If you misappropriate the property of another, you shall pay him therefor its highest value." The property converted, the liability thereupon became fixed by the provisions of that contract. To that effect is *Dash* v. *Von Kleek*, 7 Johns. 477, and notes ; *Kay* v. *Penn. R. R. Co.* 65 Pa. St. 277. The latter case is directly in point.

Sec. 3336 does not relate to the remedy, but to the obligation. It does not provide the manner of recovery, but the measure of that recovery. It is not found in the book of reme-

dies—the Code of Civil Procedure, but in the book of obliga-
tions—the Civil Code. It is treated of in the same chapter
with that of "Damages for Breach of Contracts," and fixes
the measure of "compensation in money" for the wrongful
conversion of personal property.

And without those specific provisions the result would be the
same ; for the amendment of 1874, if made expressly applica-
ble to pending actions, would that far have been invalid, as
impairing vested rights. To apply its provisions to this action
would be to affect, not the remedy, but the right. The remedy
is the mode whereby a right is secured. In this class of actions
damages is the ultimate aim and object—the measure of the
liability of the defendant ; and to reduce it is to reduce that
liability and the obligation of the one party to the other. (*Til-
man* v. *Lansing*, 4 John. 45 ; *Palmer* v. *Conly*, 4 Denio, 374 ;
S. C. 2 Comst. 182 ; *Grover* v. *Coon*, 1 Comst. 536 ; *Rose* v.
*Estudillo*, 39 Cal. 274 ; *White* v. *Lyons*, 42 Ibid. 279.)

By the Court, McKINSTRY, J. :

When this action was commenced, sec. 3336 of the Civil
Code read : " The detriment caused by the wrongful conversion
of personal property is presumed to be, (1) the value of the
property at the time of the conversion, with the interest from
that time, or, where the action has been prosecuted with reason-
able diligence, the highest market value of the property at any
time between the conversion and the verdict, without interest,
at the option of the injured party ; and (2) a fair compensa-
tion for the time and money properly expended in pursuit of
the property."

Prior to the, trial of the cause in the District Court, the sec-
tion was amended by striking out therefrom the words : " Or,
where the action was prosecuted with reasonable diligence, the
highest market value of the property at any time between the
conversion and the verdict, without interest, at the option of
the injured party." There can be no reasonable doubt that the
amendment was intended to be applicable to a case in which the
conversion had occurred prior to its passage. The general
language covers all cases of wrongful conversion. The expres-

sion "is presumed to be" indicates that it was intended to establish a legal presumption to operate, and which could only operate, at the trial of the cause; and sec. 286 of the amendatory act, (Amendments to the Codes of 1873–4, 268) repeals all provisions of law inconsistent with the act. It is true the same section provides: "No rights acquired or proceedings taken under the provisions repealed shall be impaired or in any manner affected by this repeal." But this only renders it the more apparent that, except as to rights acquired or proceedings taken under the repealed law, the amendments were intended to operate retrospectively, so as to include all cases of previous conversions.

Sec. 286 of the amendatory act applies to all the provisions of the act which may affect "rights acquired or proceedings taken." The "proceeding" referred to was a proceeding under the statute amended, whereby *some right had been acquired,* and which could not be disregarded without affecting the right itself. No such proceeding could be affected by the amendment to the section under consideration. The right of the party to appeal to the rule as to damages did not depend upon the fact that he had commenced his action when the amendments took effect. The expression "proceedings taken" is not the equivalent of "suit commenced"; for if plaintiff had not a *vested right* to damages according to a certain standard before the action was brought, the mere commencement of the action did not create a new and vested right.

In the present case, therefore, there is no question as to the validity of any *proceedings* prior to the time when the amendment to sec. 3336 took effect; nor can it be seriously claimed that the amendment—construed as applicable to plaintiff's case—is repugnant to the Constitution of the United States, because violative of the " obligation of a contract."

The only question to be considered, therefore, is whether the plaintiff will be deprived of a *vested right* if the amendment be held to be applicable to his case. "A retrospective statute affecting and changing vested rights is very generally considered, in this country, as founded on unconstitutional principles, and consequently inoperative and void. But this doctrine is not

understood to apply to remedial statutes, which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights, and go only to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations." (1 Kent's Com. 455.)

It may be assumed (for the purposes of this decision only) that plaintiff, having suffered an injury for which the existing law afforded him a remedy, could not have been deprived by legislative act of every means of redress. But the rule found either in the first or second clause of sec. 3336 of the Civil Code, as it stood prior to the amendment, is arbitrary. It does not purport to supply a standard by which exact compensation may be determined in every case. "The detriment shall *be presumed to be*," that is to say, "it is impossible to determine the exact amount of injury; it cannot be said in a given case that the party injured would have retained his property until the date of the trial of the action had it not been converted, or that he would have sold at the highest price or the lowest price. It is better then to fix a rule of damages—one in itself simple, and which on the whole shall approximate the actual damages."

We can conceive of no principle of constitutional law which is violated by a *change* in this rule, unless, at least, the new rule on its face deprives the party of every reasonable method of securing just compensation. No case has been referred to in which it has been held that to change an arbitrary and statutory rule of damages in cases of *tort* was a deprivation of any vested right of one who had previously suffered the wrong, and we can see no reason why it should be so held, even if it should be made to appear in a particular case that the plaintiff would not recover as much as he would have done had the former rule been continued.

In the present case the District Court did not find the value of the property at the time of the conversion.

It is urged by respondent that it is unnecessary to inquire as to the rule of damages, inasmuch as the answer *admits* the value of the property to be more than the sum recovered. The averment in respect to the value constitutes an entire paragraph of

the complaint, thus: "IV. That the said described property *was and is* of the value of fifteen thousand dollars." The answer denies that the property "*was and is* of the value of fifteen thousand dollars, *as alleged in article four of said complaint.*" The idea in the mind of the pleader seems to have been that the complaint, (construing it more strongly against the plaintiff) did not allege the value at the date of the *conversion*, but only at some indefinite period anterior to the commencement of the suit. At the trial, however, the complaint was treated by both parties as containing an averment of the value at the time of the conversion, and both parties treated the answer as containing a denial as broad as the averment of the complaint. The plaintiff proceeded to prove the value at different dates between the conversion and the day of the trial. The defendant objected to any evidence of value except as of the date of conversion, which objection was overruled by the Court, and the defendant excepted. During the trial no claim was asserted by plaintiff based upon the admission of the answer in respect to the value of the stocks. If this had been done, defendant might have amended his answer; and we have repeatedly held that where a cause has been tried in the Court below upon the theory of an issue joined, a plaintiff cannot here for the first time demand judgment upon the admissions of defendant's plea.

For the error in admitting evidence of the value of the property at dates subsequent to its conversion, the judgment and order is reversed, and cause remanded for a new trial.

Mr. Justice Rhodes did not express any opinion.