[Civ. No. 9733. Third Dist. Dec. 31, 1959.]

GABRIEL EDWARD HELM et al., Appellants, v. FRED BOLLMAN et al., Respondents.

Falk & Falk and Robert C. Dunn for Appellants.

Falk, Johnson & Cleland, Harry W. Falk, Jr., Norman J. Ronald, Manwell & Manwell, James G. Changaris and Sullivan, Roche, Johnson & Farraher as Amici Curiae on behalf of Appellants.

Mahan & Harland, John A. Gromala, Mahan, Harland & Gromala and Brobeck, Phleger & Harrison for Respondents.

WARNE, J. pro tem.*—Plaintiffs appeal from a money judgment in their favor against the defendants Fred Bollman and Larry Brown, doing business as Bollman and Brown Logging Company, in an action brought to recover damages arising by reason of trespass by said defendants upon land owned by plaintiffs and the removing therefrom of certain timber without the consent and permission of the plaintiffs.

 The trial court found that the defendants trespassed upon plaintiffs' land and removed certain timber of the reasonable value of $2,911.20; that the trespass was not wilful or malicious; that defendants, or their principal, lessor, or

---

*Assigned by Chairman of Judicial Council.

immediate predecessor in title, did not have the boundary line between their land and the land of plaintiffs surveyed by a surveyor licensed under the laws of the State of California to practice land surveying but relied upon a survey made by themselves of the boundary lines of the property.

At the time of the commission of the trespass section 3346 of the Civil Code provided in part:

"For wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such a sum as would compensate for the actual detriment, except where the trespass was casual and involuntary, or committed under the belief that the land belonged to the trespasser, . . .; in which cases the damages are a sum equal to the actual detriment."

This section was repealed in 1957 and the present Civil Code, section 3346, was enacted. (Stats. 1957, ch. 2346.)

The section now reads:

"Injuries to timber, trees, etc.; . . .

"(a) For wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such sum as would compensate for the actual detriment, except that where the trespass was casual or involuntary, or that the defendant in any action brought under this section had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, the measure of damages shall be twice the sum as would compensate for the actual detriment, and excepting further where the wood was taken by the authority of highway officers for the purpose of repairing a public highway or bridge upon the land or adjoining it, in which case judgment shall only be given in a sum equal to the actual detriment.

"(b) The measure of damages to be assessed against a defendant for any trespass committed while acting in reliance upon a survey of boundary lines which improperly fixes the location of a boundary line, shall be the actual detriment incurred if both of the following conditions exist:

"1. The trespass was committed by a defendant who either himself procured, or whose principal, lessor, or immediate predecessor in title procured the survey to be made; and

"2. The survey was made by a person licensed under the laws of this State to practice land surveying.

"(c) Any action for the damages specified by subdivisions

(a) and (b) of this section must be commenced within five years from the date of the trespass."

The trial of this action took place after the 1957 enactment of the new statute, but the trial court concluded that the plaintiffs' measure of damages was fixed by the provisions of the section as it stood prior to its repeal and the reenactment of the new law in 1957.

Appellants contend that the trial court erred in awarding them only the reasonable value of the timber removed rather than twice the sum as would compensate for the actual detriment. It is their position that the section is procedural in nature and not a penal statute, and therefore it should be given retrospective effect. Respondents argue to the contrary, hence the question is which version of section 3346 of the Civil Code shall apply as the measure of damages in trials for injuries to timber, trees, etc., commenced prior to September 11, 1957 (the effective date of the new section), but tried after that date.

We have concluded that the new section is not entirely procedural, nor is it remedial, but that it creates new obligations and exacts new penalties because of past transactions, and hence those provisions relating to double damages must be treated as penal and punitive. They are clearly so classified by the Civil Code itself (div. 4, pt. 1, chap. 2, art. 3) and so treated in *Swall* v. *Anderson*, 60 Cal.App.2d 825, 828 [141 P.2d 912]; and *Fick* v. *Nilson*, 98 Cal.App.2d 683 [220 P.2d 752].

"A statute will not be given a retroactive construction by which it will impose liabilities not existing at the time of its passage, or which will affect an existing liability to the detriment of defendant; . . ." (82 C.J.S. 995, Statutes, § 418.)

And in *Pignaz* v. *Burnett*, 119 Cal. 157, the court said at page 160 [51 P. 48] : "Laws which create new obligations, or impose new duties, or exact new penalties because of past transactions, have been universally reprobated by civil and common law writers, and it is to be presumed that no statute is intended to have such effect unless the contrary clearly appears. . . ."

Also in *Estate of Parker*, 200 Cal. 132, 142 [25] P. 907, 49 A.L.R. 1025], we find this statement: "A statute will not be given a retroactive construction by which it will impose liabilities not existing at the time of its passage." (See also *Kendall* v. *Kendall*, 122 Cal.App. 397 [10 P.2d

842

131]; *Krause* v. *Rarity,* 210 Cal. 644 [293 P. 62, 77 A.L.R. 1327]; *State* v. *Industrial Acc. Com.,* 48 Cal.2d 365 [310 P.2d 7]; *Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.,* 30 Cal.2d 388 [182 P.2d 159].) ▮▮▮ The statute in question is silent as to the time of its taking effect. This in itself is highly persuasive that it was not the intent of the Legislature that it be retroactive. (Civ. Code, § 3.)

Appellants rely heavily upon such cases as *Tulley* v. *Tranor,* 53 Cal. 274; *City of Los Angeles* v. *Oliver,* 102 Cal.App. 299 [283 P. 298]; *Feckenscher* v. *Gamble,* 12 Cal.2d 482 [85 P.2d 885]; and *United States* v. *Standard Oil Co. of California,* 21 F.Supp. 645, which holds that no one has a vested right in the measure of damages. Appellants conclude that by reason of such holding ''as a matter of law the measure of damages in a tort action which is in effect at the time of trial will govern the amount of recovery.'' In the Tulley case, *supra,* however, the only question was ''whether the plaintiff [would] be deprived of a *vested right* if the amendment be held to be applicable to his case.'' It is to be noted that the court was only considering the plaintiff's rights. It said at page 280: ''We can conceive of no principle of constitutional law which is violated by a *change* in this rule, unless, at least, the new rule on its face deprives the party of every reasonable method of securing just compensation. No case has been referred to in which it has been held that to change an arbitrary and statutory rule of damages in cases of *tort* was a deprivation of any vested right of one who had previously suffered the wrong, and we can see no reason why it should be so held, even if it should be made to appear in a particular case that the plaintiff would not recover as much as he would have done had the former rule been continued.'' Obviously, this rule is based upon the premise that the plaintiff can have no vested right as to the amount of damages in a tort action until such has been actually determined by the court. The Tulley case was quoted with approval in *Feckenscher* v. *Gamble, supra,* and *United States* v. *Standard Oil Co. of California, supra.* However, in *Feckenscher* v. *Gamble, supra,* the court was concerned mainly with the question whether the Legislature has power to give those laws such retroactive effect. It was held that the language of the statutes showed that the Legislature intended them to be applied retroactively (*Aetna Casualty & Surety Co.* v. *Industrial Acc. Com., supra*), whereas the statute in question showed no such legislative intent. ▮▮▮ Here the statute

respecting the double damage portion is in the future tense. It says: ". . . the measure of damages *shall be* twice the sum . . ." (Emphasis added.) The language "shall be" has been construed to give an act a prospective effect only. (*State* v. *Safe Deposit & Trust Co. of Baltimore,* 132 Md. 251 [103 A. 435, 436].) Section 3346 of the Civil Code as reenacted arbitrarily provides for double damages in instances where prior thereto damages were a sum equal to the actual detriment. To that extent it is penal, not procedural.

Since we have concluded that the statute is not applicable to the respondents, we deem it unnecessary to discuss other points presented in the briefs or comment on the many cases cited therein.

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 24, 1960.