[Civ. No. 21080. First Dist., Div. Three. Jan. 14, 1964.]

ERNESTA GHERA, Plaintiff and Appellant, v. SUGAR PINE LUMBER COMPANY, INC., et al., Defendants and Respondents.

Falk & Falk and Robert C. Dunn for Plaintiff and Appellant.

Hill & Hill and Victor M. Corbett for Defendants and Respondents.

DEVINE, J.—Plaintiff appeals from a judgment of dismissal following sustaining of a demurrer on the ground of the statute of limitations. The action is based on wrongful cutting and removal of timber on and from plaintiff's land by defendants. The wrongful acts are alleged to have occurred in 1955 and 1956.[1] The action was filed on May 9, 1960. The point is this: does Civil Code section 3346, as it was enacted in 1957, extend the time for filing actions for trespasses which occurred prior to its effective date to five years? If the answer is yes, the action should not have been dismissed; but if it is no, the judgment of dismissal must be affirmed.

A section 3346 was enacted in 1872, and it remained unchanged until 1957. It provided, essentially, that for wrongful injuries to timber or trees, the measure of damages is three times the amount of actual detriment, except that where the trespass was casual or involuntary, or was committed under the belief that the land belonged to the trespasser, or where the wood was taken by authority of highway officers for purposes of a highway, the damages are the actual detriment. No time limitation was contained in the section.

In 1957, the Legislature passed chapter 2346 of the Statutes of 1957 (p. 4076), the terms of which read: "Section 1. Section 3346 of the Civil Code is hereby repealed.

"Sec. 2. A new section 3346 is hereby added to the code, to read as follows: ..." The new section contains the following: (1) an exact reiteration of the material relating to treble damages; (2) provision for lesser damages if the trespass was casual or involuntary, or the defendant *had probable cause to believe* (as distinguished from trespass committed "under the belief," in the earlier statute) that the land was his own *or the land of the person in whose service or by whose direction the act was done* (the italicized part is new); (3) the lesser damages in situations arising under (2) are

---

[1]The complaint is ambiguous, and possibly could be construed as including dates later than 1956, but plaintiff concedes that for purposes of this appeal, the court should consider, as did the trial court, that the latest act alleged occurred in 1956.

*twice* the amount of actual detriment, rather than equal to actual detriment, as had been the provision before the 1957 change; (4) where the wood was taken by authority of highway officers for the purpose of repairing a public highway *or bridge* (this is new) upon the land or adjoining it (under the old law it was not specified that the requisition shall have been for use on the land or adjoining land), the damages shall be the actual detriment; (5) damages shall be the actual detriment if defendant relied on a survey by a licensed surveyor procured by himself or his principal, his lessor or his immediate predecessor in title (this is wholly new in its terms, although such survey, if made during the old law, might have led to a belief of ownership, thus keeping damages at actual detriment); (6) any action commenced under the section must be commenced within five years from the date of the trespass (this is completely new).

■ It is our conclusion that the 1957 legislation did not enlarge the limitation period as to any trespasses, but created a new limitation period for trespasses occurring following its enactment.

■ Appellant points to cases in which it is established that an amendment which enlarges a period of limitation applies to matters which have not been barred at the effective date of the amendment, unless the amendment provides otherwise. (*Angeli* v. *Lischetti*, 58 Cal.2d 474 [24 Cal.Rptr. 845, 374 P.2d 813]; *Douglas Aircraft Co.* v. *Cranston*, 58 Cal.2d 462 [24 Cal.Rptr. 851, 374 P.2d 819]; *Evelyn, Inc.* v. *California Emp. Stab. Com.*, 48 Cal.2d 588 [311 P.2d 500]; *Mudd* v. *McColgan*, 30 Cal.2d 463 [183 P.2d 10].) This rule is based on the proposition that the statutes of limitations generally are purely remedial, and defendant suffers no injury if, at the time of an amendment extending the period of limitation, he is under an obligation to make compensation. (*Mudd* v. *McColgan, supra,* at p. 468; *Douglas Aircraft Co.* v. *Cranston, supra,* at p. 465; *Evelyn, Inc.* v. *California Emp. Stab. Com., supra,* at p. 592.)

We believe this rule does not apply to the statute before us, because:

1. Former section 3346 of the Civil Code was expressly repealed and a new section was created by the 1957 act, which is expressly denominated "a new section 3346" in the enacting clause. (Stats. 1957, ch. 2346, p. 4076.)

2. The new section was not a mere reenactment of the old one. (The word "reenactment" was used, it is true, in *Cro-*

*foot Lumber, Inc.* v. *Ford,* 191 Cal.App.2d 238, 247 [12 Cal. Rptr. 639], in reference to the 1957 legislative action, but the word was used as one of convenience, apparently. Actually, the court was reaffirming the rule we are about to state, of *Helm* v. *Bollman, infra.*) The major change was the enactment of a penalty of double damages, as against the earlier provision for a sum equal to actual detriment, for nonwilful trespasses, except those following certain surveys. This substantial increase, a penalty rather than a compensation, is a new obligation or punishment, and is not retroactive. (*Helm* v. *Bollman,* 176 Cal.App.2d 838, 841 [1 Cal.Rptr. 723].)

However, not only is the double damages penalty new, but there is, also, as to the treble damages a new test. Before the 1957 amendment, the defendant was entitled to the reduced damages (to actual detriment) if he committed the trespass "under the belief" that the land was his. After the amendment, he is entitled to the reduced penalty (now, however, *twice* the damages, lacking a survey) only if he had "probable cause to believe" that the land was his or that of the person directing him. This, under certain circumstances, imposes a heavier burden on the defendant because mere subjective belief is not exculpatory.

3. The limitation is in a subdivision, (c), of section 3346, and reads as follows: "Any action for the damages specified by subdivisions (a) and (b) of this section must be commenced within five years from the date of the trespass." Subdivision (a) contains all the substantial parts except those relating to trespasses following surveys, which are contained in subdivision (b). Formerly, the statute of limitations applicable to actions under section 3346 was to be found in title 2 of part II of the Code of Civil Procedure, the title relating to "Time of Commencing Civil Actions."[2] The incorporation of the limitation period into the Civil Code sec-

---

[2]Whether the statute of limitations applicable to actions under section 3346 before September 11, 1957, was Code of Civil Procedure section 338, subdivision 1 (action upon a liability created by statute, other than a penalty or forfeiture), or section 340, subdivision 1 (action upon a statute for a penalty or forfeiture), has not been flatly decided, although the case of *United States* v. *Magnolia Motor & Logging Co.,* 208 F.Supp. 63, indicates that it is probably section 340. If section 340, subdivision 1, was the applicable section, trespasses in the case before us committed prior to September 11, 1956, would be barred under the old section. It is unnecessary to decide this, in view of our holding as to the completely prospective effect of the limitation period contained in new section 3346 of the Civil Code.

tion which creates the specific liabilities, gives evidence that it applies to the new statute only. Also, it is to be noted that subdivision (c) refers to damages specified by subdivisions (a) and (b), whereas, formerly, the general statute of limitations applied to all causes of a very general class. This gives further evidence that the new limitation period refers to the new section only.

█ 4. The statute is essentially one imposing penalties.[3] (*Swall* v. *Anderson*, 60 Cal.App.2d 825 [141 P.2d 912]; *Crofoot Lumber, Inc.* v. *Ford*, 191 Cal.App.2d 238 [12 Cal.Rptr. 639]; *Helm* v. *Bollman*, 176 Cal.App.2d 838 [1 Cal.Rptr. 723]; *United States* v. *Magnolia Motor & Logging Co.*, 208 F.Supp. 63.) This makes for strict construction. (*Savings & Loan Society* v. *McKoon*, 120 Cal. 177, 179 [52 P. 305].)

Appeal from order sustaining demurrer dismissed.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

---

[3]Section 3346 is not the exclusive remedy available to one whose timber has been taken. He may recover on conversion. (*Crofoot Lumber, Inc.* v. *Ford*, 191 Cal.App.2d 238, 247 [12 Cal.Rptr. 639].)