[Civ. No. 16900. Fourth Dist., Div. One. Apr. 16, 1979.]

VIRGIL A. BURCH et al., Plaintiffs and Respondents, v.
ARGUS PROPERTIES, INC., Defendant and Appellant.

**COUNSEL**

Leon E. Campbell for Defendant and Appellant.

Peter Andrew Notaras and Michael Fate for Plaintiffs and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Argus Properties, Inc., (Argus) appeals the judgment after a court trial in which Virgil A. Burch was awarded $2,500 damages plus costs and $1,000 attorney fees.

Argus, a duly licensed real estate broker, signed a written contract on August 10, 1973, with Burch in which Argus agreed to get for Burch a $2,545,000 loan. The contract provided for a $10,000 deposit: $5,000 for costs was nonrefundable; $5,000 for an advance fee was to be credited against a 1 percent commitment fee, if and when a loan commitment was made. Argus actually received a deposit of $7,500 of which $5,000 was retained for costs and $2,500, an advance fee, was placed in a trust account. No loan commitment was ever made. By letter Burch requested the return of his deposit on July 8, 1974. On July 9, 1974, the $2,500 was transferred to a second trust account with a different trustee. Argus paid Burch from this second account on September 2, 1974.

During the period Argus held the advance fee it made no accounting to Burch. Business and Professions Code section 10146 provides:

"[A]ny real estate broker who . . . collects an advance fee from any other person, hereinafter referred to as the 'principal' shall deposit any such amount . . . in a trust account . . . . Such funds are trust funds and not the funds of the agent. . . .

"The commissioner may issue such rules and regulations as he deems necessary to regulate the method of accounting, and to accomplish the purpose of the provisions of this code relating to advance fees including, but not limited to, establishing forms for and determining information to be included in such accountings. *Each principal shall be furnished a verified copy of such accountings at the end of each calendar quarter and when the contract has been completely performed by the licensee. . . .*

"*Where advance fees actually paid by or on behalf of any principal are not handled in accordance with the preceding paragraph, it shall be presumed that the agent has violated Sections 506 and 506a of the Penal Code.* [i.e., embezzled funds as a fiduciary.] The principal may recover treble damages for amounts so misapplied and shall be entitled to reasonable attorneys' fees in any action brought to recover the same." (Italics added.) ■ Argus argues the statute was not meant to include the situation here where there was merely a failure to account and no evidence of actual diversion of funds. However, a broker is in a fiduciary relationship with his principal which demands the highest degree of loyalty and good faith. Here the evidence is undisputed that no accounting was ever made. No evidence was offered at trial to explain or justify Argus' violation of the law; Argus does not suggest it failed to act because of mistake or inadvertence. We need not consider whether the presumption of section 10146 is absolute, rebuttable or affects the burden of proof since there is no evidence to counter a prima facie violation of the statute. Where no accounting is made there is every likelihood, absent other evidence, the funds have, in fact, been misappropriated. There is no need in these circumstances to prove actual misappropriation.

Argus argues that if section 10146 applies then the amount of damages and award of attorney fees was an abuse of discretion. It points out that Burch sought treble damages for the $5,000 nonrefundable fee for costs and thus, Argus has been charged with attorney fees attributable, at least in part, to an unmeritorious claim. The award of damages Argus asserts, does not fit the crime which, at most, warrants appropriate action by the Commissioner of Real Estate. ■ However, the major purpose of the

Real Estate Law is to protect the public by insuring that real estate brokers are honest and truthful with their clients. There does not need to be bad faith or malfeasance for a violation. (See *De St. Germain* v. *Watson,* 95 Cal.App.2d 862, 867 [214 P.2d 99].) In the interests of protecting the public the Legislature has determined that licensed real estate brokers engaging in advance fee transactions have a duty to account to their principals. Such a statute helps prevent the possibility of fraud as well as actual fraud. It is not inappropriate to impose punitive damages for its violation. (See *Drewry* v. *Welch,* 236 Cal.App.2d 159, 173-177 [46 Cal.Rptr. 65]; *Circle Oaks Sales Co.* v. *Smith,* 16 Cal.App.3d 682, 684-685 [94 Cal.Rptr. 232].)

■ The statute provides the principal *may* recover treble damages. The trial court did not abuse its discretion by awarding double[1] rather than treble damages.

■ In addition, the statute provides for "reasonable attorney fees." Here, Burch would have known the $5,000 advanced for costs was not to be returned and would not have needed to litigate this issue if Argus had provided him with the quarterly accounting required under section 10146. The fees here were reasonable.

Burch is awarded attorney fees on appeal, to be set by the superior court.

The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.

---

[1]The court, in effect, awarded $5,000 but offset the $2,500 advance fee which was returned.