Filed 4/24/23  Kling v. Varastehpour CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ANTHONY N. KLING et al., | B308292 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC682319) |
| v. | |
| ALIREZA VARASTEHPOUR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Williams Court, Judge.  Reversed.

Homan, Stone & Rossi, Gene S. Stone and Omar Subat for Defendant and Appellant.

Law Office of David Knieriem, David Knieriem; Kling Law Firm and Anthony N. Kling for Plaintiffs and Respondents.

_____

Defendant Alireza Varastehpour appeals from a judgment in favor of plaintiffs and respondents Anthony N. Kling and Cliffwood LLC (collectively, plaintiffs). Cliffwood LLC owns, and Kling resides at, property neighboring a property owned during the relevant period by Varastehpour. Kling controls Cliffwood LLC through an intermediary entity.

Plaintiffs asserted two general claims at trial: First, Cliffwood LLC, but not Kling, sought damages after a large tree fell from Varastehpour's property and damaged structures and vegetation on Cliffwood LLC's property; second, Cliffwood LLC and Kling both sought nuisance damages arising from overgrown vegetation and debris from Varastehpour's property intruding onto Cliffwood LLC's property. The overgrown vegetation and debris at issue in the second claim were unrelated to the fallen tree that was the subject of the first claim.

The jury found in plaintiffs' favor on all causes of action against Varastehpour, and awarded identical damages to both Kling and Cliffwood LLC. On appeal, Varastehpour contends the identical damages awards make no sense given the different claims brought by the parties, and argues the jury instructions and testimony at trial confused the jury as to which damages each plaintiff was entitled.

We agree the jury likely was misled by an instruction erroneously stating that Kling was entitled to economic damages for the fallen tree's destruction of property, which Cliffwood LLC, but not Kling, owned. The identical damage awards demonstrate the prejudice caused by that erroneous instruction, which likely caused the jury to conflate the two plaintiffs and their claims.

Accordingly, we reverse and remand for a new trial.

## BACKGROUND

### 1. *Parties and pleadings*

This case involves neighboring properties at 160 North Cliffwood Avenue (plaintiff property) and 170 North Cliffwood Avenue (defendant property). During the period relevant to this case, Cliffwood LLC owned plaintiff property, and Kling resided there. Kling controlled Cliffwood LLC through an intermediary LLC of which Kling was the sole member.

Varastehpour purchased defendant property in 2014 as an investment property to rent out. In March 2017, Varastehpour formed 170 Cliffwood LLC and transferred ownership of defendant property to that entity.

Kling and Cliffwood LLC filed suit against Varastehpour on November 3, 2017, adding 170 Cliffwood LLC as a defendant in the second amended complaint filed November 13, 2018. The allegations and causes of action in the pleadings narrowed by the time of trial, and thus we do not describe the pleadings in detail. In essence, plaintiffs sought damages for a tree that had fallen from defendant property onto plaintiff property, damaging trees, vegetation, and structures. Plaintiffs also sought damages for foliage from defendant property that had overgrown onto plaintiff property, including a tree, different from the aforementioned fallen tree, that allegedly caused skin rashes.

### 2. *Evidence at trial*[1]

Trial took place in March 2020. Kling testified a 60- or 70-foot high acacia tree located on defendant property fell onto

---

[1] We limit our summary to evidence relevant to resolution of this appeal.

plaintiff property on January 22, 2017. According to Kling, the fallen tree destroyed a lath house and arbor, damaged a portion of a custom fence, and badly damaged a number of large fruit trees and wisteria vines. Plaintiffs' expert, a general contractor, estimated that repair of the lath house, arbor, and fence would cost $146,174. Plaintiffs' second expert, a landscape architect and arborist, estimated it would cost more than $300,000 to replace the damaged trees and wisteria vines.

Apart from the fallen acacia tree, Kling testified regarding other problems with overhanging vegetation from defendant property. He testified trees on defendant property were dropping leaves onto plaintiff property, and defendants had failed to trim back hedges, weeds, and ivy hanging over plaintiff property. He further claimed defendants' gardeners would blow debris onto plaintiff property. He testified a primrose tree[2] on defendant property overhanging onto plaintiff property had gotten into the power lines, requiring the Los Angeles Department of Water and Power to trim it back. The primrose tree also produced a bloom that was a skin irritant, and Kling could not go near it. Kling testified these problems had been ongoing since Varastehpour purchased the property in 2014, forcing Kling to spend time and money cleaning up debris and engage in repeated discussions with defendants' gardeners and leasing agent to address the problems. There was no evidence at trial as to how much money

---

[2] An arborist at trial identified the tree as *Lagunaria patersonii*, and referred to it by the common name of "primrose." Other witnesses used a different name for the tree, which the court reporter transcribed as a "colic" tree. This may be a mistranscription; we therefore refer to the tree as a primrose tree regardless of the term a particular witness used.

4

Kling had spent dealing with the overhanging vegetation and debris.

Varastehpour called his own experts, an arborist and a contractor. The arborist estimated the damage to the fruit trees and wisteria from the fallen acacia tree totaled $9,250. The contractor estimated it would cost $54,800 to rebuild the damaged structures, an estimate that dropped to $44,162 if he excluded a damaged concrete slab.

Both plaintiffs' and defendants' arborists agreed primrose trees can cause skin irritation.

### 3.    *Conference regarding jury instructions*

Following the close of evidence, the trial court and the parties discussed what jury instructions to provide. The trial court asked for clarification as to "which plaintiffs are making which claims of which defendants." The court stated that prior to the conference, it had prepared a set of proposed jury instructions based on the second amended complaint, "but I could not make it work in a way that seemed logical to me all the way through, so I think I'm probably misunderstanding what the claims are in the case."

Plaintiffs' counsel stated there were two "basic claims." First, Cliffwood LLC was suing Varastehpour "for the damage caused by the fall of the tree." The causes of action underlying this claim were negligence, trespass, and trespass to timber. Second, Cliffwood LLC and Kling were suing Varastehpour and 170 Cliffwood LLC for nuisance arising from the overhanging

vegetation, the debris blown by defendants' gardeners onto plaintiff property, and the skin-irritating primrose tree.[3]

After further discussion, the trial court reiterated it had had "trouble" preparing jury instructions "because I could not come up with a logical way to talk about the damages, but now I think we've got it." Varastehpour's counsel stated, "If the jury is not already confused, they are going to become confused." Plaintiffs' counsel responded, "My closing argument will make this crystal clear."

The trial court and parties then discussed the individual jury instructions. Because the jury instructions are central to our resolution of this appeal, we summarize that discussion in detail.

Without objection, the trial court made a number of changes to the draft instructions to clarify the parties and issues on particular claims. For example, the trial court removed Kling's name from instructions on negligence and trespass, causes of action to which he was not a party, and specified on the trespass and trespass to timber instructions that the alleged trespass was from the fallen acacia tree, not the overhanging foliage and debris. Unlike the trespass and trespass to timber instructions, however, the private nuisance instruction did not specify any particular conduct underlying that cause of action (i.e. the overhanging vegetation as opposed to the fallen tree), instead containing a general instruction that the jury must find that Varastehpour and 170 Cliffwood LLC created a condition

---

[3] 170 Cliffwood LLC was not formed and did not assume ownership of defendant property until after the acacia tree fell, which is why it was a defendant solely on the nuisance cause of action for overhanging vegetation and debris, and not the causes of action arising from the fallen tree.

that was harmful to health, indecent or offensive to the senses, or was an obstruction to the free use of property.

Following discussion of how to characterize Cliffwood LLC's and Kling's different legal relationships to plaintiff property, the trial court, with the parties' acquiescence, amended the private nuisance instruction to state "[t]hat Anthony Kling and Cliffwood LLC owned/occupied the property at 160 North Cliffwood Avenue."

The parties jointly had proposed certain instructions pertaining to damages that the trial court rejected because they did not conform to CACI. The trial court replaced those instructions with its own instructions, as modified after discussion with the parties. The court and parties first discussed the court's proposed instruction No. 3900, entitled "Introduction to Tort Damages—Liability Contested." (Boldface & some capitalization omitted.) The finalized instruction stated, in relevant part, "The following are the specific items of damages claimed by Anthony Kling and Cliffwood LLC: [¶] **LOSS OR DESTRUCTION OF PERSONAL PROPERTY (ECONOMIC DAMAGE)** [¶] A. The loss of Anthony Kling['s] and Cliffwood LLC['s] trees, wisteria, lath house, arbor and fence. [¶] To recover damages for the loss, Anthony Kling and Cliffwood LLC must prove the fair market value of the trees, wisteria, lath house, arbor and fence just before the harm occurred."[4]

---

[4] As we address in more detail in our Discussion, *post*, the parties' proposed instruction No. 3900, although different in a number of respects from the instruction the trial court ultimately gave, did indicate, as did the finalized instruction, that Kling was also seeking economic damages from the fallen tree, including the damage to plaintiff property's trees, wisteria, and structures. On

7

Instruction No. 3900 then listed the available items of noneconomic damage, specifically "[p]ast loss of use or enjoyment," further stating, "No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense."

Later, the parties discussed the trial court's proposed instruction No. 3903, "Items of Economic Damage." (Boldface & some capitalization omitted.) This instruction was nearly identical to the section on economic damages in instruction No. 3900, stating that Kling and Cliffwood LLC were seeking damages for the trees, wisteria, and structures. When discussing instruction No. 3903, the trial court asked whether the damaged plants and structures belonged to Kling or Cliffwood LLC. Kling stated Cliffwood LLC was the owner. Accordingly, the trial court deleted Kling's name from instruction No. 3903. The finalized version thus listed "the specific items of economic damages claimed by Cliffwood LLC" as "[t]he loss of Cliffwood LLC's trees, wisteria, lath house, arbor, and fence." Kling's name remained in the economic damages section of instruction No. 3900, however, and the record does not indicate that the trial court and parties discussed that aspect of the instruction further. The jury ultimately received both instruction No. 3900 and instruction No. 3903.

The trial court and parties also discussed instruction No. 3934, "Damages on Multiple Legal Theories." (Boldface & some capitalization omitted.) This instruction listed the causes of

our own motion, we take judicial notice of the parties' proposed joint instruction No. 3900. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

action and available damages for each plaintiff, and instructed the jury not to award the same item of damages on multiple theories. Specifically, the finalized version of instruction No. 3934 read: "Kling and Cliffwood LLC seek damages from Alireza Varastehpour under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged."

Instruction No. 3934 then stated the jury was to "decide whether Alireza Varastehpour and 170 Cliffwood LLC are liable to Anthony Kling" for "[n]uisance." "The following items of damages are recoverable only once under all of the above legal theories: [¶] 1. Loss of use or enjoyment."

Instruction No. 3934 further instructed the jury to "decide whether Alireza Varastehpour is liable to Cliffwood LLC" under theories of negligence, trespass, trespass to timber, or nuisance. The items of damages, "recoverable only once under all of the above legal theories," were "1. Loss or destruction of property; or [¶] 2. Loss of use or enjoyment." At the request of 170 Cliffwood LLC's counsel, the trial court removed 170 Cliffwood LLC from this portion of the instruction because it was not a defendant on the negligence, trespass, or trespass to timber causes of action.[5]

---

[5] The trial court appeared to err in entirely eliminating 170 Cliffwood LLC as a defendant from the portion of instruction No. 3934 pertaining to Cliffwood LLC. It is true 170 Cliffwood LLC was not a defendant on the negligence, trespass, or trespass to timber causes of action, but it was a defendant on Cliffwood LLC's nuisance claim. The parties have not raised this issue on appeal; therefore we do not address if or how this issue affected the verdict.

After the trial court and parties finalized the jury instructions as well as a special verdict form, the court instructed the jury.

### 4.    *Closing argument*

Following the jury instructions, the parties presented closing argument. Plaintiffs' counsel described for the jury "two fundamental claims," the first being the fallen acacia tree, and the second being "all the junk that came over from [defendant property] to [plaintiff property]." Counsel explained on the first claim, the plaintiff was Cliffwood LLC and the defendant was Varastehpour, "because, at the time the tree fell, they were the owners of the two properties." On the second claim, counsel explained there were two plaintiffs, Cliffwood LLC as owner and Kling as occupier of the property, and two defendants, because ownership of defendant property shifted from Varastehpour to 170 Cliffwood LLC in 2017.

Plaintiffs' counsel further described the first claim, reiterating it was "the one with the one plaintiff and the one defendant involving the giant acacia tree falling over," and stating the three legal theories underlying that claim were negligence, trespass, and trespass to timber. "[F]ortunately," stated counsel, "[A]ll those three claims have the same basic question you have to answer: Did Mr. Varaste[h]pour act as a normal and reasonable person would act in regard to this tree that fell over?" After recounting the evidence at trial indicating liability, plaintiffs' counsel added up the damages established by plaintiffs' experts, coming to $146,000 for the damaged structures and $347,800 for the trees and wisteria.

Turning to the second claim, plaintiffs' counsel stated it was a nuisance claim arising from the "six years of junk that's

10

coming over from Mr. Varaste[h]pour's property and the [skin-irritating tree] that makes the back corner of [Kling's] property unusable." As to damages, counsel referred the jury to the jury instructions, and stated, "[Y]ou are supposed to use your common sense."

Varastehpour's counsel, in closing, questioned the evidence of the condition of the acacia tree, challenged Kling's credibility, and noted the lack of evidence to support plaintiffs' claimed damages.

170 Cliffwood LLC's counsel, in closing, stressed again for the jury that the only claim against that entity was for nuisance arising from overhanging foliage and blown debris, and argued there was a lack of evidence to establish nuisance or damages.

In rebuttal, plaintiffs' counsel challenged some of the points raised by defendants' counsel, and then addressed the special verdict form. Counsel told the jury, inter alia, that the damages line item on the verdict form for trespass to timber was "just for the value of the trees. That's what you write in there." Addressing the line item for Kling's damages, counsel stated, "[T]his is the claim, as I told you, for nuisance against Al[i]reza Varaste[h]pour. That was the claim for nuisance for the first three years they were there. And the claim against 170 Cliffwood that was for the second three years from 2017 to 2020. Again, this is the numbers I said use your common sense."

Plaintiffs' counsel then turned to the line item for Cliffwood LLC's damages, which counsel stated "is likely to be the largest number you write on here." Counsel stated, "That number encompasses a whole lot of things," including "damage to the tree," "damages to the lath house, to the arbor, to the fence, basically, all of the damages as a result of the tree falling. "[I]n

11

addition," counsel stated, "[I]t encompasses the claims for nuisance," against Varastehpour for the first three years he owned the property, and against 170 Cliffwood LLC starting in 2017.

### 5.    *Verdict*[6]

In Sections 1 and 2 of the special verdict form, entitled "Anthony Kling's Claims" and "Cliffwood LLC's Claims," respectively, the jury found Varastehpour liable to Kling on the nuisance claim, and to Cliffwood LLC on the negligence, trespass, trespass to timber, and nuisance claims. The jury found in favor of 170 Cliffwood LLC on both plaintiffs' nuisance claims, thus leaving Varastehpour as the only liable defendant.

Under the portion of Section 2 addressing the trespass to timber claim, the form stated, "If you find in favor of Cliffwood LLC and against Alireza Varastehpour on its claim for trespass to timber, what are Cliffwood LLC's actual damages?" The jury wrote in damages of $9,250.

In Section 3 of the verdict form, entitled "Anthony Kling's Damages," the form instructed, "Complete this section only if you find in favor of Anthony Kling on at least one of his claims (as indicated in Section 1.)" The form then asked, "What are Anthony Kling's damages against Alireza Varastehpour?" The jury wrote in damages of $57,640.

Section 4 of the verdict form, entitled "Cliffwood LLC's Damages," similarly instructed the jury to "[c]omplete this section only if you find in favor of Cliffwo[o]d LLC on at least one

----

[6] In quoting the special verdict form, we omit boldface and some capitalization. For ease of reading, we do not indicate each specific instance in which we do so.

of its claims (as indicated in Section 2.)" The form asked, "What are Cliffwood LLC's damages against Alireza Varastehpour?", and the jury wrote in damages of $57,640, the same amount listed for Kling's damages.

**6.     *Postverdict motions***

Varastehpour filed a motion for a new trial or, in the alternative, judgment notwithstanding the verdict. Varastehpour argued the verdict constituted a double recovery, because "[t]here was no evidence at trial that the 'injury' to each Plaintiff was divisible, separate and distinct. There is only one owner of the property . . . and that is the only Plaintiff to which any harm could be caused." Varastehpour further argued Kling's lack of ownership of plaintiff property deprived him of standing, and that Cliffwood LLC was an unregistered foreign limited liability company not authorized to bring an action in California court.

Plaintiffs filed their own motion requesting the trial court double their damages pursuant to the trespass to timber statutes and *Fulle v. Kanani* (2017) 7 Cal.App.5th 1305.[7]

Following a hearing, the trial court ruled on both motions in a single minute order. The court denied Varastehpour's new trial motion, finding Kling and Cliffwood LLC had "separate claims for damages, one as an owner of the property and one as the party occupying the property," and the nuisance claim was supported by substantial evidence.

---

[7] Code of Civil Procedure section 733 and Civil Code section 3346, subdivision (a) provide for damage multipliers when a defendant, inter alia, injures trees on a plaintiff's property.

The trial court granted plaintiffs' motion, concluding under *Fulle* that plaintiffs' could recover double damages pursuant to the trespass to timber statutes for " '[a]nnoyance and discomfort damages resulting from injuries to trees.' " In Kling's case, the court ruled the jury had found in his favor on the nuisance claim "based [on] the trespass caused by Varastehpour's tree," and therefore he was entitled to double damages, as was Cliffwood LLC on the trespass and trespass to timber claims.[8]

### 7.   *Judgment*

The trial court entered judgment in favor of Kling and Cliffwood LLC against Varastehpour. The court awarded Kling $115,280, which was the jury's damage award doubled under the trespass to timber statutes, and awarded an identical amount to Cliffwood LLC. The court also awarded interest and costs.

Varastehpour timely appealed.

### DISCUSSION

On appeal, Varastehpour argues the jury's verdict awarding identical damages to Cliffwood LLC and Kling was "absurd," given that Kling sought damages solely for nuisance, whereas Cliffwood LLC sought additional damages under

---

[8] The trial court's conclusion that Kling's nuisance claim was based on the fallen acacia tree appears to conflict with plaintiffs' position at trial that Kling's claim arose exclusively from the overgrown vegetation and debris. Varastehpour, however, does not challenge on appeal the trial court's ruling doubling plaintiffs' damages, and we therefore need not resolve this issue. In any event, our reversal of the judgment necessarily reverses the damages awards, including the doubling of the awards under *Fulle*.

14

theories of negligence, trespass, and trespass to timber. Varastehpour contends "[s]pecial verdicts awarding identical damage amounts on multiple theories of recovery . . . constitute evidence of impermissible duplicative damages." (Boldface omitted.) He attributes the purported duplicative damages to testimony at trial and jury instructions he claims confused the jury as to whether Kling or Cliffwood LLC owned plaintiff property.

We agree the jury instructions, specifically instruction No. 3900, contained an error of law that requires reversal in this case. "We review de novo whether a jury instruction correctly states the law." (*Bader v. Johnson & Johnson* (2022) 86 Cal.App.5th 1094, 1131 (*Bader*).) Although Varastehpour does not discuss or specifically challenge instruction No. 3900 in his appellate briefing, we have the discretion to raise issues on our own motion, and at our request, the parties filed supplemental briefing in compliance with Government Code section 68081. (See *San Joaquin Raptor/Wildlife Rescue Center v. County of Stanislaus* (1994) 27 Cal.App.4th 713, 741, fn. 12.)

Instruction No. 3900 stated that both Cliffwood LLC and Kling were entitled to economic damages based on the fallen acacia tree destroying structures and vegetation on plaintiff property. This instruction was contrary to the evidence, the law, and plaintiffs' theory of the case. The evidence was undisputed that Cliffwood LLC, not Kling, owned plaintiff property along with the property's structures and trees. Thus, Kling could not suffer economic loss from the damage to those structures and trees, and was not entitled to those damages. Indeed, plaintiffs' counsel made clear, both to the trial court and to the jury during closing argument, that Kling sought only noneconomic damages.

15

Those noneconomic damages, moreover, were not based on the damage caused by the fallen tree, but instead, for loss of use and enjoyment arising from the separate issue of the overhanging vegetation and debris.[9]

The trial court itself implicitly confirmed the error in instruction No. 3900 when it discussed with the parties the materially identical instruction No. 3903, and realized Kling's name should be removed from that latter instruction. Neither the trial court nor the parties, however, returned to instruction No. 3900 to correct it, and therefore the jury received both the incorrect instruction No. 3900 and the correct instruction No. 3903.

The error in instruction No. 3900 was prejudicial. (*Bader*, *supra*, 86 Cal.App.5th at pp. 1131–1132 [" 'Instructional error in a civil case is prejudicial "where it seems probable" that the error "prejudicially affected the verdict." ' "].) The strongest indicator of that prejudice is the jury's award of identical damages to the two plaintiffs, which we agree with Varastehpour makes little sense given the substantially different claims asserted by each plaintiff. The major items of damages at trial were the structures and trees damaged by the fallen acacia tree, and the parties' competing experts focused almost exclusively on those damages. The nuisance damages for the overgrowth and debris were almost

_____

[9] We express no opinion whether Kling, as an occupant of plaintiff property, could seek noneconomic damages for the destruction to the property from the fallen tree, such as loss of use and enjoyment. We merely note that plaintiffs' counsel, in his explanation to the trial court of plaintiffs' claims, and in his closing argument, disclaimed that Kling was seeking damages from the fallen tree.

16

an afterthought, with no evidence offered to support a particular award of noneconomic damages. It is difficult to imagine the jury believed Kling was entitled to as much in damages for that nuisance as Cliffwood LLC was for the destruction from the fallen tree. It is more probable the jury, misled by instruction No. 3900, erroneously awarded both plaintiffs the same damages from the same underlying tortious conduct, the fallen tree. At the very least, given the erroneous instruction, we cannot be confident the jury did not do so.

We acknowledge, regardless of plaintiffs' theory at trial, the nuisance instruction did not limit the jury to awarding damages based solely on the overgrowth and debris—the instruction did not refer to any particular nuisance, instead stating generally, inter alia, that the jury could impose liability based on obstruction to the free use of property. Thus, it is conceivable the jury awarded Kling nuisance damages arising from the fallen tree, that is, the loss of use and enjoyment after the acacia tree obstructed Kling's use of plaintiff property.[10] Those damages, one may assume, would be greater than the damages for the overgrowth and debris. Even under that scenario, however, it is unlikely the jury would award Kling *identical* damages to Cliffwood LLC, which asserted claims both for nuisance and property damage. The greater probability is the jury wrongly awarded Kling economic damages, either instead of or in addition to nuisance damages.

---

[10] We express no opinion whether a nuisance claim based on the fallen tree is legally tenable, just that the instructions themselves did not preclude the jury from imposing liability and awarding damages on that basis.

17

Plaintiffs concede instruction No. 3900 was erroneous, but dispute that it was prejudicial. Plaintiffs argue the jury did not in fact issue identical awards to each plaintiff. Plaintiffs note the verdict form listed trespass to timber damages of $9,250, awarded solely to Cliffwood LLC. If that amount is subtracted from Cliffwood LLC's total award of $57,640, Cliffwood LLC's award for everything but the damaged trees is $48,390, which is different from the $57,640 awarded to Kling on his nuisance claim.[11] Plaintiffs further claim there was no prejudice because the other jury instructions were correct "and made clear the position of the parties and the damages they sought," as did plaintiffs' closing argument.

We reject these arguments for reasons similar to those already discussed. Assuming the jury intended to award Kling nuisance damages, and nothing more, while awarding Cliffwood LLC the $9,250 for the damaged trees, as well as damages for nuisance and the destroyed structures, it is exceedingly unlikely the totals on these vastly different claims would be identical. The identical awards belie plaintiffs' contention that the jury followed the correct jury instructions rather than the erroneous instruction No. 3900. Again, the more reasonable probability is the jury, confused by incorrect jury instructions, failed to differentiate between the plaintiffs and awarded them the same damages.

---

[11] The special verdict form arguably is ambiguous as to whether the jury intended the $9,250 for trespass to timber to be included in the $57,640 as opposed to an additional award of damages. We accept for purposes of this appeal the trial court's implicit conclusion that the $9,250 is included within the $57,640.

18

Plaintiffs argue Varastehpour cannot challenge any errors in the jury instructions on appeal because he failed to object to them below. " '[W]hen a trial court gives a jury instruction which is prejudicially erroneous as given, i.e., which is an incorrect statement of law, the party harmed by that instruction need not have objected to the instruction or proposed a correct instruction of his own in order to preserve the right to complain of the erroneous instruction on appeal.' [Citation.]" (*Maureen K. v. Tuschka* (2013) 215 Cal.App.4th 519, 530 (*Maureen K.*); see *Lund v. San Joaquin Valley Railroad* (2003) 31 Cal.4th 1, 7 ["A party may . . . challenge on appeal an erroneous instruction without objecting at trial."].) As we have explained, jury instruction No. 3900 misstates the law by allowing Kling to recover economic damages for property he does not own, and Varastehpour need not have objected to the instruction below to challenge it now.

It is true that when a jury instruction is correct on the law, but " ' "is too general, lacks clarity, or is incomplete," ' " an appellant may not challenge the instruction on appeal unless the appellant requested a different instruction in the trial court. (*Metcalf v. County of San Joaquin* (2008) 42 Cal.4th 1121, 1131.) Plaintiffs suggest the error in instruction No. 3900 is factual, not legal, in that it wrongly implies Kling is an owner of plaintiff property entitled to economic damages. We fail to see how an instruction stating a party is entitled to damages to which he is not actually entitled is not legal error.

Plaintiffs further argue Varastehpour has forfeited any challenge to instruction No. 3900 under the doctrine of invited error. "The doctrine of invited error provides that a party may not assert as a ground for reversal an error that he or she induced the trial court to commit. [Citations.] 'At bottom, the

19

doctrine rests on the purpose of the principle, which prevents a party from misleading the trial court and then profiting therefrom in the appellate court.'  [Citation.]"  (*Maureen K.*, *supra*, 215 Cal.App.4th at p. 530; *Perlin v. Fountain View Management, Inc.* (2008) 163 Cal.App.4th 657, 667 [rejecting challenge to erroneous jury instruction requested by appellants].)

Courts have held that "the invited error doctrine requires affirmative conduct demonstrating a deliberate tactical choice on the part of the challenging party." (*Huffman v. Interstate Brands Corp.* (2004) 121 Cal.App.4th 679, 706 (*Huffman*) [no invited error when appellant did not request erroneous instruction and there was no evidence appellant made a tactical choice to permit the instruction]; see *Khoiny v. Dignity Health* (2022) 76 Cal.App.5th 390, 419–420 [no invited error as to jury instruction in absence of evidence appellant misled the trial court, and no invited error as to special verdict form to which appellant agreed but for which appellant did not advocate].)

Plaintiffs contend the affirmative conduct test is satisfied here because the parties jointly submitted a proposed instruction No. 3900 that, similar to the instruction actually given, stated that both Kling and Cliffwood LLC were suing for damages arising from the fallen acacia tree, including damage to "their" trees, wisteria, lath house, arbor, and fence.  The implication of plaintiffs' argument is that, although the trial court ultimately gave its own instruction No. 3900 rather than the one proposed by the parties, Varastehpour was responsible for the error in that instruction because he jointly submitted a proposed instruction with the same error.

Plaintiffs are correct that the joint proposed instruction also was erroneous, but the record does not support a conclusion

20

that the instruction ultimately given was a product of any "affirmative conduct demonstrating a deliberate tactical choice" by Varastehpour. (*Huffman, supra*, 121 Cal.App.4th at p. 706.) The parties' proposed joint instruction was drafted and submitted before plaintiffs' counsel, at the beginning of the jury instruction conference, clarified the theory of the case and the relationship of the various claims and parties. The trial court and parties then immediately set about reviewing and correcting the court's own packet of instructions, leaving no time for Varastehpour or anyone else to consider the full implications of plaintiffs' counsel's clarification. Mistakes were made apparently by all—not only in inclusion of Kling's name in instruction No. 3900, but also, in omission of 170 Cliffwood LLC as a defendant on Cliffwood LLC's nuisance claim in instruction No. 3934. (See fn. 5, *ante*.) Even when the trial court realized its mistake regarding Kling when it reached instruction No. 3903, it failed to go back and make the same correction on instruction No. 3900. Varastehpour's counsel made no comments as to including or not including Kling's name in instruction No. 3900. Under these circumstances, it appears the error in instruction No. 3900 was an inadvertent oversight on the part of the trial court and the parties, rather than a deliberate choice on Varastehpour's part. Accordingly, the invited error doctrine does not bar a challenge to instruction no. 3900.

## DISPOSITION

The judgment against Alireza Varastehpour is reversed, and the case is remanded for a new trial.  Varastehpour is awarded his costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.